In the Matter of MERCEDES L. and Another. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CONSTANCE L., Appellant. [785 NYS2d 267]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 15, 2003 in a proceeding pursuant to Social Services Law § 384-b. The order revoked a suspended judgment and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent, Constance L., appeals from an order that, inter alia, revoked a suspended judgment entered upon a finding of permanent neglect and terminated her parental

rights with respect to her children, Mercedes L. and Dakota L. Assuming, arguendo, that respondent complied with the literal terms and conditions of the suspended judgment, we conclude that "such compliance does not necessarily lead to dismissal of the petition seeking to revoke the suspended judgment" (*Matter of Saboor C.*, 303 AD2d 1022, 1023 [2003]; *see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]). Rather, respondent was required to "show that progress has been made to overcome the specific problems which led to the removal of the child" (*Jonathan P.*, 283 AD2d at 676). We conclude that respondent failed to do so.

We agree with Family Court that the termination of respondent's parental rights was in the children's best interests. Respondent has continued to become involved in relationships with men with a history of domestic violence, one of the problems that led to the removal of the children. Further, respondent has continued to be deceptive about those relationships. The children, who have lived with their foster family for more than two years, have expressed a desire to remain with their foster family, and the foster family has indicated a desire to adopt both children. We conclude that the court properly terminated respondent's parental rights with respect to both children. Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.