■ In the Matter of DERICK SHEA D. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; D'HANA D., Appellant. (Proceeding No. 1.) In the Matter of ASHLEN SHADOE D. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; D'HANA D., Appellant. (Proceeding No. 2.) [804 NYS2d 389]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Freeman, J.), both entered November 14, 2003, as, after fact-finding and dispositional hearings, upon her default in appearing at the fact-finding hearing, and upon denying her motion to vacate her default, terminated her parental rights and transferred custody and guardianship of the subject children jointly to Jewish Child

Care Association of New York and the Commissioner of Social Services of the City of New York, for the purpose of adoption.

Ordered that the orders are reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for new dispositional hearings.

The subject children were 10 and 14 years old at the time of the dispositional hearings in these proceedings. In his written summation to the Family Court, the Law Guardian failed to state that the children had expressed a desire to be returned to their mother. Instead, he simply expressed his opinion that the best interests of the children called for termination of the mother's parental rights, and set forth his reasoning in support of that opinion. Under the circumstances presented, we conclude that the Law Guardian's failure to express the wishes of the children requires that the proceedings be remitted for new dispositional hearings (*see Matter of Rueckert v Reilly,* 282 AD2d 608, 609 [2001]). H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.