■ In the Matter of RICHELIS S., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD S., Respondent. CHARLES D. HALVORSEN, ESQ., Attorney for the Child, Appellant. [892 NYS2d 706]—

Memorandum: In this proceeding, the attorney for the child appeals from an order that dismissed the petition seeking revocation of a suspended judgment and termination of the parental rights of respondent father with respect to the subject child. We agree with the attorney for the child and petitioner, Erie County Department of Social Services (DSS), that Family Court erred in dismissing the petition and should have freed the child for adoption. We note at the outset that the father contends that the petition was properly dismissed because DSS failed to comply with 22 NYCRR 205.50 (d) (1) and thus that the court did not acquire personal jurisdiction over him. Indeed, the father is correct that DSS should have filed a motion or an order to show cause rather than a summons with notice and petition. The father raised that contention for the first time in a post-hearing memorandum of law and thus waived it, inasmuch as he already had participated in the proceedings (*see generally Matter of El-Sheemy v El-Sheemy*, 35 AD3d 738 [2006]). In any event, any error is harmless because the father received the requisite notice.

Turning to the merits, we conclude that DSS established by a preponderance of the evidence that the father violated the conditions of the suspended judgment (*see Matter of Seandell L.*, 57 AD3d 1511 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Amber AA.*, 301 AD2d 694, 696 [2003]). The record establishes that the father did not contact the psychologist with whom he was directed to meet for three months and failed to secure housing sufficient to promote and maintain a healthy environment for the child. Moreover, the father could not recall what type of special educational services or treatment the child received, and he did not know the nature of the disability for which the child was receiving treatment.

We further conclude that the court should have terminated the father's parental rights and freed the child for adoption. The hearing on the issue whether the father violated the terms

of the suspended judgment " 'was part of the dispositional phase of this [permanent neglect] proceeding' " (*Matter of Robert T.*, 270 AD2d 961, 961 [2000], *lv denied* 95 NY2d 758 [2000]), and " 'the order of disposition shall be made . . . solely on the basis of the best interests of the child' " (*Matter of Saboor C.*, 303 AD2d 1022, 1023 [2003], quoting Family Ct Act § 631). Here, although the court did not revoke the suspended judgment and thus did not engage in a best interests analysis, the record is sufficient for this Court to determine the best interests of the child (*see Matter of Brian C.*, 32 AD3d 1224, 1225 [2006], *lv denied* 7 NY3d 717 [2006]). "In the exercise of our independent power of factual review" (*id.*), we find that the evidence at the hearing established that terminating the father's parental rights and freeing the child for adoption is in the child's best interests (*see Matter of Lionel Burton W.*, 30 AD3d 355 [2006]). The evidence at the hearing established that attempts to reunite the child with the father resulted in psychological trauma to the child. Moreover, a court-appointed special advocate who observed the child failed to see any signs of affection between the father and the child, and strongly opposed reunification. Consequently, we agree with the attorney for the child that the court erred in dismissing the petition seeking to revoke the suspended judgment and to terminate the father's parental rights, and should have found that terminating the father's parental rights and freeing the child for adoption is in the child's best interests (*see generally Matter of Christopher J.*, 60 AD3d 1402 [2009]; *Matter of Seandell L.*, 57 AD3d 1511 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Michael D.H.*, 56 AD3d 1269 [2008]).

All concur except Smith, J.P., and Carni, J., who dissent and vote to affirm in the following memorandum.

Smith, J.P., and Carni, J. (dissenting). We respectfully dissent inasmuch as we disagree with our colleagues that petitioner, Erie County Department of Social Services (DSS), established by a preponderance of the evidence that respondent father violated the conditions of the suspended judgment. We therefore would affirm the order. Pursuant to the terms of the suspended judgment, the father was required to "obtain and maintain adequate housing in preparation for the child to be returned home." A permanency planner for DSS testified that the father's residence "was an appropriate home," and Family Court in turn determined that the father had "secured a stable home environment for his family," including the child who is the subject of this proceeding. The court, with its direct access to the parties, was in the best position to evaluate their testimony, character

and sincerity, and thus the court's determination is entitled to great deference (*see Matter of Christyn Ann D.*, 26 AD3d 491, 492-493 [2006]). Here, the court determined that the bond of the child with her foster mother was the result of "[DSS] and [its] subcontracted agency not encouraging or sustaining the bond between [the father] and his daughter." Under these circumstances, we agree with the court that the diminished bond between the father and the child does not provide a basis to determine that it is in the best interests of the child to terminate the father's parental rights. The Court of Appeals has strongly cautioned against comparing a child's emotional ties that naturally develop with a foster parent to the emotional ties between a child and his or her biological parent (*see Matter of Michael B.*, 80 NY2d 299, 313 [1992]). Stated another way, "[t]o use the period during which a child lives with a foster family, and emotional ties that naturally eventuate, as a ground for comparing the biological parent with the foster parent undermines the very objective of voluntary foster care as a resource for parents in temporary crisis, who are then at risk of losing their children once a bond arises with the foster families" (*id.*). In our view, the majority's determination is founded upon that which the Court of Appeals has cautioned against. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.