■ In the Matter of MALASHIA B. ONONDAGA COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent; CONSTANCE B., Appellant, et al., Respondent. CAROL C. et al., Respondents. (Appeal No. 1.) [897 NYS2d 374]—

Appeal from an order of the Family Court, Onondaga County

(Bryan R. Hedges, J.), entered February 27, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, revoked a suspended judgment and terminated the parental rights of respondent Constance B.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order granting the petition seeking to revoke a suspended judgment and terminating her parental rights with respect to the child who is the subject of this proceeding and, in appeal No. 2, she appeals from an order that denied her motion seeking, inter alia, posttermination contact with the child.

With respect to appeal No. 1, even assuming, arguendo, that Family Court properly determined that the mother had complied with the terms of the suspended judgment, we nevertheless conclude that the court properly revoked the suspended judgment and terminated her parental rights. Compliance with the terms of a suspended judgment "does not necessarily lead to dismissal of the petition seeking to revoke the suspended judgment" (*Matter of Saboor C.*, 303 AD2d 1022, 1023 [2003]; *see Matter of Mercedes L.*, 12 AD3d 1184, 1185 [2004]). The evidence presented at the hearing on the petition established that it was in the best interests of the child to terminate the mother's parental rights (*see Mercedes L.*, 12 AD3d at 1185; *Saboor C.*, 303 AD2d at 1023).

At the time the court issued the order in appeal No. 1, the child was three years old and had been living with the same foster parents since her birth, and they wished to adopt her. Despite the child's lengthy stay in foster care, there was no evidence presented at the hearing that the mother was currently in a position to have even unsupervised visitation with the child. The caseworker for petitioner testified that the mother had not demonstrated consistency in parenting the child, nor had she shown that she had learned anything from her parenting classes. The visitation supervisor testified that the mother made poor progress in setting boundaries for the child, and that she often gave in to the child's demands and would respond inappropriately when she became frustrated with the child. In addition, petitioner presented testimony that the mother was arrested for shoplifting a few months after petitioner filed the instant petition, and she had been unemployed for at least the past three years and had not been seeking employment. Moreover, the mother was a resident in a facility for individuals recovering from drug or alcohol addiction, and that facility did not allow for full-time child custody. None of the mother's ser-

vice providers recommended that the child be returned to the mother and, indeed, her own therapist testified that before having unsupervised visits with the child the mother needed to demonstrate that she was competent to do so. Thus, although the mother established that she had made substantial progress in some areas, she failed to establish that she was able to take full responsibility for the care of the child. We have considered the remaining contentions of the mother concerning appeal No. 1 and conclude that they are without merit.

With respect to appeal No. 2, we conclude that the court properly denied the mother's request for posttermination contact with the child (*see Matter of Diana M.T.*, 57 AD3d 1492, 1493 [2008], *lv denied* 12 NY3d 708 [2009]). The evidence at the hearing established that, since the birth of the child, the mother has had only supervised visitation with her, two days per week. While there was testimony that the child had formed a bond with the mother, there was also testimony that the three-year-old child had a strong bond with her foster parents, who were planning to adopt her. In addition, the foster parents testified that the child would act out and have more temper tantrums after extended visitation with the mother. We thus conclude that the mother "failed to establish that such [posttermination] contact would be in the best interests of the child[ ]" (*id.*; *see Matter of Christopher J.*, 63 AD3d 1662 [2009], *lv denied* 13 NY3d 706 [2009]). Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.