██ In the Matter of SEAN H., and Another. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIESHA H., Appellant. [901 NYS2d 893]—

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered March 3, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order revoking a suspended judgment and terminating her parental rights with respect to her daughter and son who are the subjects of this proceeding. Contrary to the mother's contention, petitioner established by a preponderance of the evidence that the mother violated several conditions of the suspended judgment and that termination of her parental rights was in the best interests of the children (*see Matter of Giovanni K. [Dawn K.]*, 68 AD3d 1766 [2009], *lv denied* 14 NY3d 707 [2010]; *Matter*

*of Christopher J.*, 63 AD3d 1662 [2009], *lv denied* 13 NY3d 706 [2009]). We reject the further contention of the mother that Family Court erred in denying her request for posttermination visitation and, in any event, should have received input from the children concerning her request before denying it. We note that the evidence before the court established that the young children loved their mother, missed her, and wanted to visit with her, and thus there was no need for the court to seek input from the children to determine their wishes (*cf. Matter of Derick Shea D.*, 22 AD3d 753 [2005]). The mother failed, however, to establish that it was in the best interests of the children to have posttermination visitation with her (*see Matter of Diana M.T.*, 57 AD3d 1492, 1493 [2008], *lv denied* 12 NY3d 708 [2009]). Indeed, because of the mother's actions, the children had visited with the mother only twice in the eight-month period prior to the hearing. Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.