# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**160**
**CAF 11-00162**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LASHAWNDA G.
------------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

SHAWN G., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR RESPONDENT-APPELLANT.

DAVID VAN VARICK, COUNTY ATTORNEY, ROCHESTER (ROBIN UNWIN OF COUNSEL), FOR PETITIONER-RESPONDENT.

LISA J. MASLOW, ATTORNEY FOR THE CHILD, ROCHESTER, FOR LASHAWNDA G.

---

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered December 21, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights and denied respondent post-termination visitation with the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child. Contrary to the father's contention, Family Court did not err in denying his request for post-termination visitation. It is well settled that a parent seeking post-termination visitation must "establish that such contact would be in the best interests of the child[ ]" (*Matter of Andrea E.*, 72 AD3d 1617, 1618, *lv denied* 15 NY3d 703 [internal quotation marks omitted]; *see Matter of Sean H.*, 74 AD3d 1837, 1838, *lv denied* 15 NY3d 708; *Matter of Malashia B.*, 71 AD3d 1493, 1495, *lv denied* 15 NY3d 701). The record establishes that the court reviewed the relevant factors before determining that post-termination visitation was not in the child's best interests (*see Matter of Kahlil S.*, 35 AD3d 1164, 1166, *lv dismissed* 8 NY3d 977). The evidence presented at the hearing established that the father was serving a 50-year to life sentence in state prison, and he admitted that he had a single unsupervised visit with the child in the 18 months preceding the filing of the instant petition. His only other visitation during that period and the pendency of these proceedings occurred when petitioner's employees brought the child for supervised

visitation with the father in jail or in prison.  In addition, the child has severe mental challenges and becomes agitated while traveling to the prison.  Furthermore, the child has never resided with the father.  "We thus conclude that [the father] 'failed to establish that such [post-termination] contact would be in the best interests of the child[ ]' " (*Malashia B.*, 71 AD3d at 1495).

The father further contends that the order erroneously fails to include the court's recommendation that he receive yearly photographs of the child from her foster or adoptive parents.  We note, however, that the court expressly noted that its recommendation was not binding on petitioner or any foster or adoptive parents.  "The role of the judiciary is to give the rule or sentence . . ., and thus the courts may not issue judicial decisions that can have no immediate effect and may never resolve anything" (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [internal quotation marks omitted]; *see generally New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529-531).  Consequently, such a mere "recommendation" would not properly be included in an order.  In any event, there is no dispute that the recommendation has in fact been communicated to the child's foster parents.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court