# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

134

CAF 12-01140

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF ALISA E.
--------------------------------------------------
LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

WENDY F., RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

DAVID J. MORRIS, COUNTY ATTORNEY, GENESEO (WENDY S. SISSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

CHARLES PLOVANICH, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered June 8, 2012 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, revoked a suspended judgment and terminated respondent's parental rights with respect to the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order revoking a suspended judgment pursuant to Family Court Act § 633 and terminating her parental rights with respect to her daughter. Contrary to the mother's contention, petitioner established by a preponderance of the evidence that the mother violated the terms and conditions of the suspended judgment (*see Matter of Giovanni K. [Dawn K.]*, 68 AD3d 1766, 1767-1768, *lv denied* 14 NY3d 707). Petitioner established that the mother failed to obtain suitable housing until after the violation petition was filed and that she withdrew or limited releases for information from programs that she attended. Although the mother testified that she had completed several programs, she failed to provide verification that she completed the programs and admitted that she did not know whether petitioner had approved those programs. Petitioner established by a preponderance of the evidence that the mother continued to live at her parents' house, to which petitioner had been denied access to make an assessment of whether it would be an appropriate home for the child to visit, and we note that Family Court's determination that the mother's testimony that she was living in the apartment that she rented was not credible is entitled to great weight (*see Matter of Baron C. [Dominique C.]*, 101 AD3d 1622, 1622). It is well established that a hearing on a petition alleging that the

terms of a suspended judgment have been violated is part of the dispositional phase of the permanent neglect proceeding, and that the disposition shall be based on the best interests of the child (*see Matter of Richelis S. [Richard S.]*, 68 AD3d 1643, 1644-1645, *appeal dismissed* 14 NY3d 767).  We conclude that the record supports the court's determination that termination of the mother's rights is in the best interests of the child (*see Matter of Mercedes L. [Constance L.]*, 12 AD3d 1184, 1184).

Entered:  February 7, 2014                      Frances E. Cafarell
                                                Clerk of the Court