OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the matter remitted to the Family Court, New York County, for further proceedings on the petition.
 

 The record in this proceeding to terminate parental rights does not support the finding that the natural mother is “presently and for the foreseeable future unable, by reason of mental illness * * * to provide proper and adequate care” for her child (Social Services Law, § 384-b, subd 4, par [c]). The quality and quantity of the psychiatric testimony was insufficient to sdtisfy the requirement of “strict adherence to that statutory mandate”
 
 (Matter of Daniel A. D.,
 
 49 NY2d 788, 790) requiring production of “clear and convincing proof” (Social Services Law, § 384-b,
 
 *643
 
 subd 3, par [g]) of a parent’s present and future inability to care for his Or her child because of mental illness. The psychiatric examination was brief and occurred approximately nine months prior to the hearing. There was no articulated basis for the testimony concerning the extent of the mother’s illness and its manifestations. At most, the testimony related to matters concerning her past condition. The inferences as to future condition apparently drawn from the mother’s past behavior are not adequately supported so as to satisfy the statutory test and, consequently, terminating her parental rights was improper.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Gabrielli concurs in result only.
 

 Order reversed, etc.