OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed, without costs.
In each of these proceedings to terminate parental rights, the record reveals “clear and convincing proof” (Social Services Law, § 384-b, subd 3, par [g]) that the parent is “presently and for the foreseeable future unable, by reason of mental illness * * * to provide proper and adequate care” for the children (Social Services Law, § 384-b, subd 4, par [c]). Consequently, there is no basis for disturbing the Appellate Division’s findings that there exists mental illness sufficient to justify termination of parental rights (cf. Matter of Vera T., 55 NY2d 1028).
Nor is there merit to the broad-based argument that the statutory scheme violates rights of procedural and substantive due process and equal protection. The statutes provide significant procedural safeguards for the natural parent’s rights and authorize termination of parental rights only when specific and definite criteria are met and when necessary in the best interest of the child. Similarly unpersuasive is the argument that the statutes authorize termination of rights on the basis of a parent’s status as mentally ill. Termination is warranted only when the parent’s mental illness manifests itself in conduct demonstrating a present and future inability to care for the child. It is the parent’s conduct and relationship with the child, not his or her status per se, that forms the predicate for terminating parental rights. Appellants have failed to establish that the statutory scheme is unconstitutional.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli concurs in result only.
*641 In each case: Order affirmed, without costs, in a memorandum.