■ In the Matter of KEON LEE M. CHARLES W. BATES, as Commissioner of Social Services of Westchester County, Respondent; CHRISTINE RUTH M., Appellant. (Proceeding No. 1.) In the Matter of TYRONE SHAWN M. CHARLES W. BATES, as Commissioner of Social Services of Westchester County, Respondent; CHRISTINE RUTH M., Appellant. (Proceeding No. 2.) —In two proceedings pursuant to Family Court Act article 6 to terminate parental rights, the mother appeals from an order of the Family Court, Westchester County (Facelle, J.), entered February 1, 1985, which, *inter alia,* granted the petitions on the ground of mental illness within the meaning of Social Services Law § 384-b and awarded guardianship and custody of the two children in question to the petitioner Commissioner of Social Services of Westchester County for purposes of consenting to their adoption.

Order affirmed, without costs or disbursements.

The record supports the Family Court's conclusion that the petitioner established, by clear and convincing evidence, that the appellant is "presently and for the forseeable future unable, by reason of mental illness * * * to provide proper and adequate care" of the children (Social Services Law § 384-b [4] [c]), and that termination of parental rights is in the best

interests of the children (see, Matter of Joyce T., 65 NY2d 39). The court-appointed psychiatrist examined the appellant on two occasions within six months before the hearing and at the hearing articulated the basis for his testimony concerning the extent of the appellant's illness and its manifestations (cf. Matter of Dochingozi B., 57 NY2d 641). The psychiatrist opined, unequivocally, that the appellant would be unable presently and for the foreseeable future to adequately care for her children Keon and Tyrone by reason of mental illness (cf. Matter of Hime Y., 52 NY2d 242).

The record indicates that Keon had been placed in foster care when he was about one year old and Tyrone when he was five days old. Two child psychiatrists testified as to the special needs of the children who, at the time of the hearing, were eight and six years of age, respectively, and who had been sharing the same foster home for over five years with foster parents whom the psychiatrists regarded very highly. The children's Law Guardian concluded that it would not be in their best interests to be returned to the appellant.

Under the circumstances of this case and on this record the Family Court's determination is adequately supported. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.