■ In the Matter of BROOKE D. and Others, Infants. [598 NYS2d 633] —Order unanimously affirmed without costs. Memorandum: Six children ranging in age from six to 17 are in foster care in different foster homes as a result of a finding of abuse of one child and neglect of the others by their father. The order on appeal is the second extension of placement. All the children are in therapy and the record indicates that, although the children wish to visit with each other, the therapists have recommended against contact among some of the children. A single Law Guardian has been representing all six children. The Law Guardian moved for an order that he represent the oldest child only and that another Law Guardian be appointed for the other children.

The court denied the request for a separate Law Guardian for the oldest child and determined, based upon unsworn comments by the therapists, that visitation would be as recommended by the therapists. The Law Guardian and the Department of Social Services have stipulated that the matter should be remitted for a hearing to determine whether the oldest child has interests that conflict with those of her siblings and thus is entitled to individual representation by her own Law Guardian. They further agree that a hearing is required to determine whether sibling visitation should occur *(see generally,* Family Ct Act §§ 1011, 1055 [b]). Mindful that the order

on appeal expires on June 2, 1993, we decline to remit the matter for further proceedings on that order. We note, however, that, if similar issues arise upon any further petition for extension of placement, the need for more than one Law Guardian to represent these children should be considered *(see,* Besharov, 1991 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 241, 1993 Pocket Part, at 30). In the absence of separate representation of children with conflicting interests concerning sibling visitation, it would have been impossible for the Law Guardian to participate meaningfully in a hearing on that issue. The purpose of article 10 of the Family Court Act is to help protect children from injury or mistreatment and to help safeguard their physical, mental and emotional well-being (Family Ct Act § 1011). If issues are properly raised concerning the appropriateness of treatment provided for such children, a hearing to resolve those issues is necessary *(see generally,* Family Ct Act § 1055 [b]). (Appeal from Order of Monroe County Family Court, Miller, J.—Placement.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.