■ In the Matter of IMELDA R., Also Known as IMELDA R.R. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent; BLANCA R., Appellant. [820 NYS2d 317]—

In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the ground of mental illness, the mother appeals from an order of factfinding and disposition of the Family Court, Queens County (Richardson-Thomas, J.), dated July 29, 2005, which, upon a decision of the same court dated May 18, 2005, made after a hearing, among other things, found that she is unable to provide proper and adequate care for the subject child by reason of her mental illness, terminated her parental rights, and transferred guardianship and custody of the subject child jointly to the petitioner Catholic Home Bureau for Dependent Children and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of factfinding and disposition is affirmed, without costs or disbursements.

Termination of parental rights on the ground of mental illness requires the petitioning agency to show by clear and convincing evidence that the parent is presently, and will continue for the foreseeable future, to be unable to provide proper and adequate care for the child by reason of the parent's mental illness (see Social Services Law § 384-b [4] [c]; Matter of Joyce T., 65 NY2d 39, 46 [1985]; Matter of Chelsea KK., 28 AD3d 849 [2006]; Matter of Dederia S.C., 26 AD3d 375 [2006]; Matter of Karyn Katrina D., 19 AD3d 592, 592-593 [2005]; Matter of Julia P., 8 AD3d 389 [2004]). The determination of the Family Court should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Thomas JJ., 20 AD3d 708, 711 [2005]).

Here, the record demonstrated that the mother repeatedly entered into relationships with men who sexually abused both her and her daughters. One of these men forced the mother and one of the daughters into prostitution.

The court-appointed psychologist diagnosed the mother, who herself had been sexually abused since childhood, with a depressive disorder not otherwise specified, a personality disorder not otherwise specified, and borderline intellectual functioning. He

concluded that she "suffers from mental disorder to such an extent that the subject children, if returned to her care now or in the foreseeable future, would be at risk of becoming neglected." In opposition, the mother offered the testimony of her treating psychiatrist, who testified that he believed that the mother should be "rewarded" with the custody of her daughters for trying to improve her life.

In view of the foregoing, the determination of the Family Court to terminate the mother's parental rights on the ground that she suffered from mental illness pursuant to Social Services Law § 384-b was supported by clear and convincing evidence. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.