■ In the Matter of MYA SHERICE B., Also Known as MYA B., Also Known as MYA L. SCO FAMILY OF SERVICES, Respondent; BERNICE SHERICE L., Respondent; MARK B., Appellant. (Proceeding No. 1.) In the Matter of ERIC EDWARD B., Also Known as ERIC B. SCO FAMILY OF SERVICES, Respondent; BERNICE SHERICE L., Respondent; MARK B., Appellant. (Proceeding No. 2.) [832 NYS2d 448]—In two related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on the ground of mental illness, the father appeals from two orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Freeman, J.), both dated August 19, 2005, which, after a fact-finding hearing, found that he is unable to provide proper and adequate care for the subject children by reason of his mental illness, terminated his parental rights, and transferred guardianship and custody of the children to the Commissioner of Social Services of the City of New York and SCO Family of Services for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly found that there was clear and convincing evidence that he is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children (*see* Social Services Law § 384-b [4] [c]). In making its determinations, the Family Court properly relied, inter alia, upon the testimony of a qualified psychologist (*see* Social Services Law § 384-b [6] [c]; *Matter of Dederia S.C.*, 26 AD3d 375 [2006]). Additionally, the proceedings that terminated the father's parental rights did not violate due process (*see Matter of Nereida S.*, 57 NY2d 636, 640 [1982]).

The father's remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.