■ In the Matter of ALEXANDER JAMES R., Also Known as AL-EXANDER R., Also Known as ALEX R., Also Known as ALEXANDER G. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; FRANCINE MINDY G., Also Known as FRANCINE G., Also Known as FRANCINE S., Appellant, et al., Respondent. [853 NYS2d 136]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights by reason of her mental illness, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.), dated January 17, 2007, as, after a hearing, terminated her parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the St. Christopher-Ottilie Family of Services.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioners established by clear and convincing evidence that the mother was unable to properly and adequately care for her child, now and in the foreseeable future, by reason of mental illness (see Social Services Law § 384-b [3] [g]; *Matter of Mya Sherice B.,* 39 AD3d 744 [2007]; *Matter of Tamaine William B.,* 38 AD3d 767, 768 [2007]). The testimony of the agency's expert psychologist established that the mother suffered from generalized anxiety disorder, panic disorder, and borderline personality disorder. In addition, she was dependent on anxiolytics and abused cocaine, which prevented her from properly and adequately caring for the child. The mother's treating psychiatrist, who testified on her behalf, largely concurred with the

agency's expert's diagnosis and could only state that given the right circumstances the mother "would have a chance" at "being an effective parent." However, the mere possibility that the mother might be capable of providing adequate care at some indefinite point in the future does not warrant denial of the petition (*see Matter of Dominique R.*, 38 AD3d 211 [2007]; *Matter of Steven M.*, 37 AD3d 1072 [2007]; *Matter of David Joseph G.*, 169 AD2d 439, 440 [1991]). Accordingly, the Family Court correctly concluded that the petitioners satisfied their burden of proof (*see Matter of Dederia S.C.*, 26 AD3d 375 [2006]; *Matter of Danielle C.*, 6 AD3d 530, 531 [2004]; *Matter of Laura D.*, 270 AD2d 260, 261 [2000]).

Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her request for an adjournment to call another expert witness in addition to her treating psychiatrist, since she had ample time to procure his attendance and, more importantly, there was no showing that the witness's testimony would have been material and favorable to her (*see* Family Ct Act § 626 [a]; *Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *Matter of Malik J.*, 13 AD3d 628, 629 [2004]; *Matter of Truick v Truick*, 243 AD2d 572 [1997]).

Likewise, the Family Court providently exercised its discretion in declining to hold a dispositional hearing (*see Matter of Joyce T.*, 65 NY2d 39, 46-50 [1985]; *Matter of Karyn Katrina D.*, 19 AD3d 592, 593 [2005]; *Matter of Julia P.*, 8 AD3d 389 [2004]). Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.