■ In the Matter of KASEEM J. and Another, Infants. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; JOY M., Also Known as JOY C., Appellant. [860 NYS2d 369]—

Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered February 5, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that two of respondent's children are permanently neglected children and committed their guardianship and custody to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that terminated her parental rights with respect to two of her children, committed their guardianship and custody to petitioner and freed them for adoption. Contrary to the mother's contention, Family Court did not abuse its discretion in refusing to enter a suspended judgment with respect to one of the children (*see Matter of Jose R.*, 32 AD3d 1284, 1285 [2006], *lv denied* 7 NY3d 718 [2006]). "Although [the mother] had made some progress after the filing of the petition, the record of the dispositional hearing establishes that . . . any progress that [she] made 'was not sufficient to warrant any further prolongation of the [child's] unsettled familial status' " (*id.*; *see Matter of Noemi D.*, 43 AD3d 1303 [2007], *lv denied* 9 NY3d 814 [2007]). "The court's determination that [the mother] was not likely to change sufficiently to enable her to parent the children is entitled to great deference" (*Matter of Brendan S.*, 39 AD3d 1189, 1190 [2007]; *see Matter of Danielle N.*, 31 AD3d 1205 [2006]; *Matter of Philip D.*, 266 AD2d 909 [1999]).

We reject the further contention of the mother that the court abused its discretion in denying her request for an adjournment to enable her to present the testimony of two witnesses (*see Matter of Alexander James R.*, 48 AD3d 820 [2008]; *Matter of Clarence S.*, 28 AD3d 1253 [2006], *lv denied* 7 NY3d 706 [2006]; *see generally Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]). The mother had ample opportunity to subpoena those witnesses but did not do so until the day before she wanted them to testify, months after the hearing began. In addition, the mother "was unable to give any indication that the testimony [of the witnesses] would be favorable to [her]" (*Clarence S.*, 28 AD3d at 1254; *see Anthony M.*, 63 NY2d at 283-284; *Alexander James R.*, 48 AD3d 820 [2008]).

Finally, the mother failed to preserve for our review her contention that the children had conflicting interests and thus should not have been jointly represented by the same law guardian (*see Matter of Brown v Marr*, 23 AD3d 1029, 1030 [2005]; *Matter of Carrieanne G.*, 15 AD3d 850 [2005], *lv denied* 4 NY3d 709 [2005]; *see also Matter of Wood v Hargrave*, 292 AD2d 795 [2002], *lv denied* 98 NY2d 608 [2002]) and, in any event, that contention lacks merit (*see Matter of Smith v Smith*, 241 AD2d 980 [1997]; *cf. Matter of Brooke D.*, 193 AD2d 1100 [1993], *lv dismissed* 82 NY2d 734 [1993]). The record establishes that the Law Guardian properly represented the children individually. Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.