In the Matter of DIANA M.T. and Another, Infants. ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT A.T., Appellant. [870 NYS2d 656]—

Memorandum: Respondent father appeals from an order that terminated his parental rights with respect to his two daughters and denied his request for post-termination visitation with them. Contrary to the contention of the father, there is clear and convincing evidence supporting Family Court's determination that he is "unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child[ren,] who [have] been in the care of [petitioner] for the period of one year immediately prior to the date on which the petition [was] filed in the court" (Social Services Law § 384-b [4] [c]). The evidence, including the testimony of two court-appointed psychologists called to testify by petitioner and a third psychologist called to testify by the Law Guardian, establishes that the father has a personality disorder not otherwise specified that, combined with

alcohol dependency and posttraumatic stress disorder, would prevent him from providing proper and adequate care for the children (*see Matter of Alexander James R.*, 48 AD3d 820 [2008]; *Matter of Charles FF.*, 44 AD3d 1137, 1138 [2007], *lv denied* 9 NY3d 817 [2008]; *Matter of Lashawn Shanteal R.*, 14 AD3d 467 [2005]). Although the psychologist who treated the father testified on his behalf that the father could provide proper care to the children if he were gradually given the responsibilities of a caregiver, with a system in place to provide adequate treatment and support for his alcohol, mental health, housing and financial problems, the father's psychologist substantially concurred with the diagnosis of petitioner's experts and that of the Law Guardian. Inasmuch as the father was unable to maintain such a system throughout the proceedings despite the assistance of petitioner, we conclude that "the mere possibility that the [father] might be capable of providing adequate care at some indefinite point in the future does not warrant denial of the petition" (*Alexander James R.*, 48 AD3d at 821; *see Matter of Dominique R.*, 38 AD3d 211 [2007], *lv denied* 8 NY3d 816 [2007]; *Matter of Steven M.*, 37 AD3d 1072 [2007]). Finally, contrary to the further contention of the father, the court properly denied his request for post-termination visitation inasmuch as he failed to establish that such contact would be in the best interests of the children (*see Matter of Kahlil S.*, 35 AD3d 1164, 1165-1666 [2006], *lv dismissed* 8 NY3d 977 [2007]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.