■ In the Matter of DEONDRE M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CRYSTAL T., Appellant. [908 NYS2d 504]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered August 17, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her son on the ground of mental illness. We note that this case was previously before us with respect to the mother's younger child (*Matter of Majerae T. [Crystal T.]*, 74 AD3d 1784 [2010]). We conclude that petitioner met its burden of demonstrating by clear and convincing evidence that the mother is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; *see* § 384-b [6] [a]; *Matter of Henry W.*, 31 AD3d 940, 941 [2006], *lv denied* 7 NY3d 711 [2006], 8 NY3d 816 [2007]; *Matter of Roseanna X.*, 22 AD3d 993, 994 [2005]). The fact that some of the records upon which the court-appointed psychologist relied to form his opinion of the mother's mental health were six years old does not render the evidence insufficient to meet petitioner's burden. The psychologist's opinion was based on all of the mother's records, which also included more recent psychological records, records from petitioner, and records from treatment programs that the mother failed to complete. Nor was the evidence rendered insufficient based on the fact that the psychologist prefaced his opinion by noting that it was based only on the mother's records and that he could not provide an exact diagnosis without a full examination of the mother (*see Matter of Demariah A. [Demario A.]*, 72 AD3d 1592 [2010], *lv denied* 15 NY3d 701 [2010]; *Matter of Demariah A. [Rebecca B.]*, 71 AD3d 1469 [2010], *lv denied* 15 NY3d 701 [2010]; *Matter of Dylan K.*, 269 AD2d 826 [2000], *lv denied* 95 NY2d 766 [2000]). Finally, the possibility that the mother might be capable of caring for the child " 'at some indefinite point in the future does not warrant denial of the petition' " (*Matter of Diana M.T.*, 57 AD3d 1492, 1493 [2008], *lv denied* 12 NY3d 708 [2009]; *see Matter of Alexander James R.*, 48 AD3d 820 [2008]; *Matter of Dominique R.*, 38 AD3d 211 [2007], *lv denied* 8 NY3d 816 [2006]). Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.