■ In the Matter of ALYSSA GENEVIEVE C., Also Known as ALYSSA C-McG., an Infant. LAURA MARIE McG., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent, et al., Respondent. [913 NYS2d 71]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about June 12, 2009, which, insofar as appealed from, terminated respondent mother's parental rights to the subject child upon a finding of mental illness, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding that by reason of her mental illness, the mother is presently and for the foreseeable future unable to provide proper and adequate care for her daughter, who has special needs (*see Matter of Ashanti A.*, 56 AD3d 373 [2008]; Social Services Law § 384-b [4] [c]; [6] [a]). The record demonstrates that the mother has a long history of mental illness, which was diagnosed as schizoaffective disorder, bipolar type, and borderline personality disorder, and that the child was diagnosed with autism, spinal dysplasia, and a serious developmental disorder. The court-appointed psychologist who interviewed the mother and reviewed her records, opined that the child would be at risk of being neglected if placed in the mother's care because of the child's special needs and the

mother's occasional symptomatic displays of paranoia and combativeness. Furthermore, the mother testified that she required support and did not believe that she could address the child's needs on her own.

Although, according to her doctor, the mother's mental condition has improved through great effort and commitment to treatment, she remains symptomatic, and the court's conclusion that the mother's strong motivation to care for the child would likely prove insufficient to overcome the challenge of raising a child with extraordinary special needs is reasonable. The fact that at some time in the future the mother might be able to parent the child does not warrant denial of termination (see Matter of Dominique R., 38 AD3d 211 [2007], lv denied 8 NY3d 816 [2007]).

We have considered the mother's remaining contentions, including that the court did not accord proper weight to her doctor's testimony, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.