█ In the Matter of DEVONTE M.T., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEROY T., JR., Appellant. (Appeal No. 1.) [913 NYS2d 457]— ·

Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered September 16, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from orders terminating his parental rights with respect to the subject children on the ground that he suffers from a mental illness (see Social Services Law § 384-b [4] [c]; Matter of Deondre M. [Crystal T.], 77 AD3d 1362 [2010]). Contrary to the father's contention, there was an adequate foundation for the opinion of petitioner's expert that the father suffers from schizophrenia and has borderline intellectual functioning. That testimony, together with the testimony of caseworkers who supervised the father's visitation with the children, provided the requisite clear and convincing evidence that the father is "presently and for the foreseeable future unable, by reason of mental illness . . . ,

to provide proper and adequate care for [the] child[ren]" (§ 384-b [4] [c]; *see* § 384-b [6] [a]; *Deondre M.*, 77 AD3d 1362 [2010]). The contention of the father that he was deprived of effective assistance of counsel is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]). Viewing the representation as a whole, we conclude that the father's attorney provided meaningful representation (*see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846 [2010]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.