to provide proper and adequate care for [the] child[ren]" (§ 384-b [4] [c]; *see* § 384-b [6] [a]; *Deondre M.*, 77 AD3d 1362 [2010]). The contention of the father that he was deprived of effective assistance of counsel is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]). Viewing the representation as a whole, we conclude that the father's attorney provided meaningful representation (*see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846 [2010]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.

In the Matter of SHENI A.T., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEROY T., JR., Appellant. (Appeal No. 2.) [913 NYS2d 601]—Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered September 16, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Devonte M.T. (Leroy T.)* (79 AD3d 1818 [2010]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.

In the Matter of SHIAH A.-R.T., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEROY T., JR., Appellant. (Appeal No. 3.) [914 NYS2d 922]—Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered September 16, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Devonte M.T. (Leroy T.)* (79 AD3d 1818 [2010]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.

In the Matter of SYANNE L.T., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEROY T., JR., Appellant. (Appeal No. 4.) [913 NYS2d 602]—Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered September 16, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Devonte M.T. (Leroy T.)* (79 AD3d 1818 [2010]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.

■ In the Matter of TOYIN S.T., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEROY T., JR., Appellant. (Appeal No. 5.) [914 NYS2d 924]—Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered September 16, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Devonte M.T. (Leroy T.)* (79 AD3d 1818 [2010]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.

■ KRISTEN RICKERT et al., Plaintiffs, v COUNTY OF ONONDAGA, Appellant, and BELLOWS CONSTRUCTION SPECIALTIES, LLC, Respondent. [913 NYS2d 118]—Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered September 30, 2009 in a personal injury action. The order granted the motion of defendant Bellows Construction Specialties, LLC for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.

■ VALERIE SHANE, Appellant, v CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY et al., Respondents. [914 NYS2d 810]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 25, 2010. The order denied the motion of plaintiff for leave to file and serve a late notice of claim.

It is hereby ordered that the order so appealed from is reversed on the law without costs and the application is granted upon condition that the proposed notice of claim is served within 20 days of the date of entry of the order of this Court.