# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**64**

**CAF 09-01797**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF VINCENT E.D.G.
-------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;                           MEMORANDUM AND ORDER

ROZZIE M.G., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

CAROLYN L. CHASE, ATTORNEY FOR THE CHILD, WEBSTER, FOR VINCENT E.D.G.

---

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered August 10, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her son on the ground of mental illness. Contrary to the mother's contention, we conclude that petitioner met its burden of demonstrating by clear and convincing evidence that the mother is "presently and for the foreseeable future unable, by reason of mental illness . . ., to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; *see* § 384-b [6] [a]; *Matter of Alyssa Genevieve C.*, ___ AD3d ___ [Dec. 9, 2010]; *Matter of Deondre M.*, 77 AD3d 1362). Indeed, petitioner presented clear and convincing evidence establishing that the mother is presently suffering from a mental illness that "is manifested by a disorder or disturbance in behavior, thinking or judgment to such an extent that if such child were placed in . . . the custody of [the mother], the child would be in danger of becoming a neglected child" (§ 384-b [6] [a]; *see Matter of Kahlil S.*, 35 AD3d 1164, 1165, *lv dismissed* 8 NY3d 977). The psychiatrist appointed by Family Court testified at the hearing on the petition that the mother had schizoaffective disorder and a substance abuse problem that worsened the symptoms of her mental illness. The psychiatrist further testified that schizoaffective disorder can be treated with medication, but that the mother's denial that she has a mental illness

has resulted in her refusal to take medication to treat it. Although the psychiatrist testified that persons undergoing proper treatment can function on a day-to-day basis and are able to care for children, we note that "the mere possibility that the mother might be capable of providing adequate care at some indefinite point in the future does not warrant denial of the petition" (*Matter of Alexander James R.*, 48 AD3d 820, 821; *see Deondre M.*, 77 AD3d at 1363).

Finally, we conclude that the court did not abuse its discretion in denying the mother's request for an adjournment in order to conduct a dispositional hearing. It is well settled that "a separate dispositional hearing is not required following the determination that [a parent] is unable to care for [a] child because of mental illness" (*Matter of Demariah A.*, 71 AD3d 1469, 1470, *lv denied* 15 NY3d 701).

Entered: February 10, 2011

Patricia L. Morgan
Clerk of the Court