In the Matter of DARIUS B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THERESA B., Appellant. [935 NYS2d 754]—

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to the three children who are the subject of this proceeding on the ground of mental illness. Contrary to the contention of the mother, we conclude that petitioner met its burden of demonstrating by clear and convincing evidence that she is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child[ren]" (Social Services Law § 384-b [4] [c]; *see* § 384-b [6] [a]; *Matter of Vincent E.D.G. [Rozzie M.G.]*, 81 AD3d 1285 [2011], *lv denied* 17 NY3d 703 [2011]). " 'The clear and convincing evidence standard is satisfied when the party bearing the burden of proof has established that it is highly probable that what [it] has claimed is actually what happened' " (*Matter of Cella* [appeal No. 1], 261 AD2d 870 [1999], *lv denied* 93 NY2d 814 [1999]). "Clear and convincing evidence is 'a higher, more demanding standard' than the preponderance standard . . . , and it is evidence 'that is neither equivocal nor open to opposing presumptions' " (*Matter of Gail R. [Barron]*, 67 AD3d 808, 811-812 [2009]). Although the psychiatrist who testified on behalf of petitioner had, at one point, recommended that the mother be given one last chance to parent the children, that recommendation was based on the assumption that the mother's statements to the psychiatrist had been reliable. Once the psychiatrist learned of various misstatements made by the mother, his recommendation changed. Contrary to the contention of the mother, we conclude that the psychiatrist's ultimate recommendation that her parental rights with respect to the subject children be terminated was not equivocal.

We further conclude that Family Court was entitled to draw an adverse inference from the mother's failure to testify on her own behalf, and the mother failed to present any contradictory expert evidence (*see Matter of Darren HH. [Amber HH.]*, 72 AD3d 1147, 1149 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Jenna KK.*, 50 AD3d 1216, 1217 [2008], *lv denied* 11 NY3d 703 [2008]). Generally, "the determination of [the c]ourt should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record" (*Matter of Imelda R.*, 32 AD3d 519, 520 [2006]). Here, there is support in the record for the court's determination, and we therefore will not disturb it (*cf. Matter of Dochingozi B.*, 57 NY2d 641, 642-643 [1982]). Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.