# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1271**

**CAF 10-01733**

PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF DARIUS B., DILLON B.,
AND CHERISH B.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

THERESA B., RESPONDENT-APPELLANT.

---

BERNADETTE M. HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR DARIUS
B., DILLON B., AND CHERISH B.

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered July 9, 2010 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things,
transferred custody and guardianship of the subject children to
petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order terminating
her parental rights with respect to the three children who are the
subject of this proceeding on the ground of mental illness.  Contrary
to the contention of the mother, we conclude that petitioner met its
burden of demonstrating by clear and convincing evidence that she is
"presently and for the foreseeable future unable, by reason of mental
illness . . ., to provide proper and adequate care for [the]
child[ren]" (Social Services Law § 384-b [4] [c]; *see* § 384-b [6] [a];
*Matter of Vincent E.D.G.*, 81 AD3d 1285, *lv denied* 17 NY3d 703).
" 'The clear and convincing evidence standard is satisfied when the
party bearing the burden of proof has established that it is highly
probable that what [it] has claimed is actually what happened' "
(*Matter of Cella* [appeal No. 1], 261 AD2d 870, *lv denied* 93 NY2d 814).
"Clear and convincing evidence is 'a higher, more demanding standard'
than the preponderance standard . . ., and it is evidence 'that is
neither equivocal nor open to opposing presumptions' " (*Matter of Gail
R.*, 67 AD3d 808, 811-812).  Although the psychiatrist who testified on
behalf of petitioner had, at one point, recommended that the mother be
given one last chance to parent the children, that recommendation was

based on the assumption that the mother's statements to the psychiatrist had been reliable. Once the psychiatrist learned of various misstatements made by the mother, his recommendation changed. Contrary to the contention of the mother, we conclude that the psychiatrist's ultimate recommendation that her parental rights with respect to the subject children be terminated was not equivocal.

We further conclude that Family Court was entitled to draw an adverse inference from the mother's failure to testify on her own behalf, and the mother failed to present any contradictory expert evidence (*see Matter of Darren HH.*, 72 AD3d 1147, 1149, *lv denied* 15 NY3d 703; *Matter of Jenna KK.*, 50 AD3d 1216, 1217, *lv denied* 11 NY3d 703). Generally, "the determination of [the c]ourt should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record" (*Matter of Imelda R.*, 32 AD3d 519, 520). Here, there is support in the record for the court's determination, and we therefore will not disturb it (*cf. Matter of Dochingozi B.*, 57 NY2d 641, 642-643).

Entered: December 23, 2011                      Frances E. Cafarell
Clerk of the Court