# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**153**

**CAF 11-02352**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CHRISTOPHER B., JR.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

CHRISTOPHER B., SR., RESPONDENT-APPELLANT.
--------------------------------------------
IN THE MATTER OF CHRISTOPHER B., JR.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

CHRISTOPHER B., SR., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

BERNADETTE M. HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR CHRISTOPHER B., JR.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 3, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that the subject child is the child of a mentally ill parent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his son on the ground of mental illness. Contrary to the father's contention, we conclude that petitioner met its burden of demonstrating by clear and convincing evidence that the father is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; *see* § 384-b [6] [a]; *Matter of Vincent E.D.G. [Rozzie M.G.]*, 81 AD3d 1285, 1285, *lv denied* 17 NY3d 703; *see also Matter of Darius B. [Theresa B.]*, 90 AD3d 1510, 1510). The unequivocal testimony of petitioner's expert witness, a psychologist, and other witnesses established that the father was so disturbed in his behavior, feeling, thinking and judgment that, if his son were returned to his custody, his son would be in danger of becoming a neglected child (*see* § 384-b

[6] [a]).  Moreover, although the father has participated in several treatment programs, he has been unable to overcome his significant limitations.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court