Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 21, 2012 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent’s parental rights with respect to the subject child.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order, inter alia, terminating her parental rights with respect to the subject child on the ground of mental illness. The mother was pregnant with the subject child when her vehicle was struck by a pickup truck. As a result of the accident, the mother sustained a traumatic brain injury, which caused her to have diminished cognitive abilities. She subsequently gave birth to the child, who was placed in foster care with the child’s maternal grandparents almost immediately after birth. Contrary to the mother’s contention, we conclude that petitioner met its burden of establishing by clear and convincing evidence that the mother is “presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child” (Social Services Law § 384-b [4] [c]; see § 384-b [6] [a]; Matter of Darius B. [Theresa B.], 90 AD3d 1510, 1510 [2011]; Matter of Vincent E.D.G. [Rozzie M.G.], 81 AD3d 1285, 1285 [2011], lv denied 17 NY3d 703 [2011]; Matter of Chance Jahmel B., 187 Misc 2d 626, 629-631 [2001]). Indeed, petitioner presented clear and convincing evidence establishing that the mother is presently suffering from a mental illness, which is defined as a mental disease or mental condition that “is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in . . . the custody of [the mother], the child would be in danger of becoming a neglected child” (Social Services Law § 384-b [6] [a]). Petitioner submitted unrefuted expert testimony that, as a result of her injuries, the mother suffers from a mental *1496 condition that renders her unable to care for the child because the mother is functioning at the level of an eight year old. Petitioner’s expert also testified that respondent’s thinking, decision making, problem solving, judgment and emotional process will not improve due to her injuries. Present—Smith, J.P, Fahey, Peradotto, Lindley and Whalen, JJ.