# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1392**
**CAF 12-02269**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF JADA G. AND JONATHAN G.
------------------------------------------------
WYOMING COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MARCELLA G., RESPONDENT-APPELLANT,
AND JONATHAN C., RESPONDENT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

WENDY S. SISSON, GENESEO, FOR PETITIONER-RESPONDENT.

LINDA M. JONES, ATTORNEY FOR THE CHILDREN, BATAVIA.

---

     Appeal from an order of the Family Court, Wyoming County (Michael
F. Griffith, J.), entered November 28, 2012 in a proceeding pursuant
to Social Services Law § 384-b.  The order, inter alia, terminated the
parental rights of respondents.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  On appeal from an order terminating her parental
rights on the ground of permanent neglect and transferring
guardianship and custody of the children to petitioner, respondent
mother contends that she was denied effective assistance of counsel.
We reject that contention.  It is well settled that "[a] parent
alleging ineffective assistance of counsel has the burden of
demonstrating both that he or she was denied meaningful representation
and that the deficient representation resulted in actual prejudice"
(*Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704).
Here, the mother's attorney provided meaningful representation at the
hearing on the petition alleging that she violated the terms of the
suspended judgment and at the dispositional hearing, and the mother's
contention otherwise "is impermissibly based on speculation, i.e.,
that favorable evidence could and should have been offered on [her]
behalf" (*Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1819).
Contrary to the mother's contention, reversal is not required based
upon her attorney's alleged conflict of interest with a witness called
by petitioner.  The testimony was of a trivial nature, and in any
event the record reflects that the mother upon an inquiry by the court
indicated that she understood the relationship between the witness and
her attorney and was not concerned about her attorney questioning the

witness (*see generally People v Wallace*, 60 AD3d 1268, 1271, *lv denied* 12 NY3d 922).  Finally, although the mother asks this Court to remit the matter to Family Court to establish a schedule of therapeutic "winding down" of the parent/child relationships, we note that courts are without authority to order posttermination contact where, as here, parental rights have been terminated (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 437-438).

Entered:  January 3, 2014                              Frances E. Cafarell
                                                       Clerk of the Court