Memorandum: On appeal from an order terminating her parental rights on the ground of permanent neglect and transferring guardianship and custody of the children to petitioner, respondent mother contends that she was denied effective assistance of counsel. We reject that contention. It is well settled that “[a] parent alleging ineffective assistance of counsel has the burden of demonstrating both that he or she was denied meaningful representation and that the deficient representation resulted in actual prejudice” (Matter of Michael C., 82 AD3d 1651, 1652 [2011], lv denied 17 NY3d 704 [2011]). Here, the mother’s attorney provided meaningful representation at the hearing on the petition alleging that she violated the terms of the suspended judgment and at the dispositional hearing, and the mother’s contention otherwise “is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on [her] behalf’ (Matter of Devonte M.T. [Leroy T.], *1139 79 AD3d 1818, 1819 [2010]). Contrary to the mother’s contention, reversal is not required based upon her attorney’s alleged conflict of interest with a witness called by petitioner. The testimony was of a trivial nature, and in any event the record reflects that the mother upon an inquiry by the court indicated that she understood the relationship between the witness and her attorney and was not concerned about her attorney questioning the witness (see generally People v Wallace, 60 AD3d 1268, 1271 [2009], lv denied 12 NY3d 922 [2009]). Finally, although the mother asks this Court to remit the matter to Family Court to establish a schedule of therapeutic “winding down” of the parent/child relationships, we note that courts are without authority to order posttermination contact where, as here, parental rights have been terminated (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 437-438 [2012]). Present — Centra, J.P, Peradotto, Garni, Lindley and Valentino, JJ.