# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1029**
**CAF 13-01545**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STAR C.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

BRONSON T., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RUPAK R. SHAH OF COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (BENJAMIN YAUS OF COUNSEL), FOR PETITIONER-RESPONDENT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered August 12, 2013 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondent and transferred guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his daughter on the ground of mental illness. We conclude that petitioner met its burden of demonstrating by clear and convincing evidence that the father is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; *see Matter of Christopher B., Jr. [Christopher B., Sr.]*, 104 AD3d 1188, 1188; *Matter of Alberto C. [Tibet H.]*, 96 AD3d 1487, 1488, *lv denied* 19 NY3d 813). Contrary to the father's contention, petitioner presented clear and convincing evidence establishing that he is presently suffering from a mental illness that "is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in . . . the custody of the [father], the child would be in danger of becoming a neglected child" (§ 384-b [6] [a]; *see Matter of Destiny V. [Lynette V.]*, 106 AD3d 1495, 1495). The psychologist appointed by Family Court testified that the father has schizophrenia, which caused him to experience "intermittent and persistent auditory hallucinations." According to the psychologist, the hallucinations caused the father to become "grossly disorganized," combative, and

"agitated," which interfered with his ability to concentrate and care for the child.  Further, the father failed to take his medication as prescribed, thereby exacerbating his symptoms (*see generally Matter of Roman E.A. [Danielle M.]* [appeal No. 2], 107 AD3d 1455, 1456).  The psychologist's testimony was supported by the testimony of the father's caseworker and a counselor who supervised his visitation with the child (*see e.g. Matter of Corey UU. [Donna UU.]*, 85 AD3d 1255, 1257-1258, *lv denied* 17 NY3d 708; *Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1818-1819).  Both witnesses testified that the father lacked the ability to provide adequate care for the child and that, as a result of his inability to concentrate, he failed to learn those skills during the course of his supervised visitation and parenting classes (*see Devonte M.T.*, 79 AD3d at 1818-1819; *see also Christopher B., Jr.*, 104 AD3d at 1188).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court