Matter of Landin F. (Jodi G.) (2023 NY Slip Op 06647)

Matter of Landin F. (Jodi G.)

2023 NY Slip Op 06647

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

914 CAF 22-01377

[*1]IN THE MATTER OF LANDIN F. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JODI G., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered August 23, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of mental illness. We affirm.
Contrary to the mother's contention, we conclude that petitioner met its burden of demonstrating by clear and convincing evidence that the mother is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; see Matter of Zachary R. [Duane R.], 118 AD3d 1479, 1480 [4th Dept 2014]; Matter of Vincent E.D.G. [Rozzie M.G.], 81 AD3d 1285, 1285 [4th Dept 2011], lv denied 17 NY3d 703 [2011]; see generally Matter of Joyce T., 65 NY2d 39, 48 [1985]). The testimony of petitioner's expert psychologist established that the mother suffers from delusional disorder and that "the child[ ] would be in danger of being neglected if [he was] returned to her care at the present time or in the foreseeable future" (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]; see Zachary R., 118 AD3d at 1480).
The mother further contends that she was denied meaningful representation by, inter alia, her attorney's failure to retain and call an expert psychologist to rebut the evidence of petitioner's expert psychologist. We reject that contention. The mother failed to demonstrate that there were relevant experts who would have been willing to testify in a manner helpful and favorable to her case, and her speculation that her attorney could have found an expert with a contrary medical opinion is insufficient to establish deficient representation (see Matter of Michael S. [Brittany R.], 159 AD3d 1502, 1504 [4th Dept 2018], lv denied 31 NY3d 909 [2018]). Further, the record establishes that, " 'viewed in the totality of the proceedings, [the mother] received meaningful representation' " (Matter of Bentleigh O. [Jacqueline O.], 125 AD3d 1402, 1404 [4th Dept 2015], lv denied 25 NY3d 907 [2015]; see Matter of Demariah A. [Rebecca B.], 71 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 701 [2010]).
Finally, we reject the mother's contention that Family Court abused its discretion in declining to hold a dispositional hearing (see Matter of Michael S. [Rebecca S.], 165 AD3d 1633, 1633-1634 [4th Dept 2018], lv denied 32 NY3d 915 [2019]; Matter of Alberto C. [Tibet H.], 96 AD3d 1487, 1488 [4th Dept 2012], lv denied 19 NY3d 813 [2012]; see generally Joyce T., 65 NY2d at 49-50).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court