■ In the Matter of STEPHEN G., Appellant. COMMISSIONER OF NEW YORK STATE OFFICE OF MENTAL HEALTH, Respondent. [799 NYS2d 587]—

Mugglin, J. Appeal, by permission, from an order of the Supreme Court (Sise, J.), entered March 10, 2004 in Washington County, which, in a proceeding pursuant to CPL 330.20 (16) and Mental Hygiene Law § 9.35, recommitted petitioner to respondent's custody for a period of three months.

In 1995, petitioner pleaded not responsible for criminal conduct by reason of mental disease or defect. Following an evidentiary proceeding pursuant to CPL 330.20 (6), it was determined that respondent had neither a dangerous mental disorder nor a mental illness. As a result, in March 1996, he was discharged subject to a five-year order of conditions. After an initial period of improvement, petitioner's condition worsened resulting in intermittent stays in psychiatric hospitals. In October 2000, respondent commenced a proceeding seeking petitioner's recommitment to a secure facility (see CPL 330.20 [14]). Petitioner requested a hearing, which was not held until February 2003 in Town Court. Petitioner was found to have a dangerous mental disorder and was recommitted to a secure facility for six months. Eschewing his right to appeal, petitioner thereafter commenced this proceeding in Supreme Court pursuant to CPL 330.20 (16) and Mental Hygiene Law § 9.35 requesting a rehearing and review of the recommitment order. Following an evidentiary hearing, Supreme Court determined that

petitioner suffers from a dangerous mental disorder and that he should remain in a secure facility for a period of three months. Petitioner now appeals by permission of this Court.

Respondent asserts that Supreme Court's order expired on June 11, 2004, making this appeal moot. Petitioner argues that the rehearing was held pursuant to Mental Hygiene Law § 9.35 (*see* CPL 330.20 [21] [a] [ii]) and resulted in an order authorizing "continued retention under the original order," making both orders reviewable on this appeal. Petitioner also asserts that the original recommitment order was procedurally erroneous and, thus, there exists no legal predicate for the rehearing order or his continued custody. Therefore, petitioner argues that the matter is not moot.

We disagree that the original recommitment order is reviewable on this appeal and, thus, do not reach the merits of petitioner's argument that it was erroneously granted. He could have applied for permission to appeal directly to this Court from the entry of the recommitment order, but did not. In such appeal, he could have raised the arguments he now seeks to make. He, however, opted to demand a rehearing pursuant to CPL 330.20 (16). The two remedies are alternative, not coextensive and, while the earlier record may be reviewed, a de novo evidentiary hearing is held to determine a defendant's then mental status to insure that conditions of supervision originally imposed are still appropriate (*see Matter of Norman D.*, 3 NY3d 150 [2004]). In essence, a demand for a rehearing is a request to a different court to modify the prior order concerning a defendant's mental status. "Such a proceeding, by judge or jury, is a review of the earlier record as well as any new evidence presented by the parties concerning the acquittee's mental status at the time of the rehearing and review. As such it is not a rehearing in the conventional sense, but a de novo evidentiary proceeding, with the findings a snapshot of the acquittee's condition at that moment" (*id.* at 155). Hence, the resultant order is also a de novo order of recommitment, not merely an authorization of continued retention pursuant to the previous order. Thus, the only issue presented on this appeal concerns whether Supreme Court's determination that petitioner suffers from a dangerous mental disorder was supported by sufficient evidence. Since this order has expired, that issue is moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]) and, in any event, petitioner's mental status in March 2004 is not determinative of his present mental condition.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.