In the Matter of GAIL R., Appellant; CHARLES BARRON, Respondent. [891 NYS2d 411]—

In a proceeding pursuant to Mental Hygiene Law § 9.60 to

authorize assisted outpatient treatment, Gail R. appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Flug, J.), dated January 22, 2009, which, after a hearing, granted the petition.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Mental Hygiene Law § 9.60, commonly known as Kendra's Law, was enacted to provide "a system of assisted outpatient treatment (AOT) pursuant to which psychiatric patients unlikely to survive safely in the community without supervision may avoid hospitalization by complying with court-ordered mental health treatment" (*Matter of K.L.*, 1 NY3d 362, 366 [2004]). The statute sets forth who may file a petition for an assisted outpatient treatment order, the requirements for the petition, and the procedures for a hearing on the petition (*see* Mental Hygiene Law § 9.60 [e] [1]-[3]; [h] [1]). The statute provides that the court "shall not order [AOT] unless an examining physician, who recommends [AOT] and has personally examined the subject of the petition no more than ten days before the filing of the petition, testifies in person at the hearing. Such physician shall state the facts and clinical determinations which support the allegation that the subject of the petition meets each of the criteria for [AOT]." (Mental Hygiene Law § 9.60 [h] [2]).

It further provides that the testifying physician shall state: "(i) the facts which support the allegation that the subject meets each of the criteria for [AOT], (ii) that the treatment is the least restrictive alternative, (iii) the recommended [AOT], and (iv) the rationale for the recommended [AOT]. If the recommended [AOT] includes medication, such physician's testimony shall describe the types or classes of medication which should be authorized, shall describe the beneficial and detrimental physical and mental effects of such medication, and shall recommend whether such medication should be self-administered or administered by authorized personnel." (Mental Hygiene Law § 9.60 [h] [4]). Additionally, the statute requires the testifying physician to explain the written proposed treatment plan (*see* Mental Hygiene Law § 9.60 [i] [3]).

The petitioner, Charles Barron, M.D., Director of the Department of Psychiatry at Elmhurst Hospital Center, commenced this proceeding pursuant to Mental Hygiene Law § 9.60 to authorize AOT for Gail R. The petition alleged that Gail R. was a person over 18 years of age suffering from mental illness, was unlikely to survive safely in the community without supervi-

sion, had a history of lack of compliance with treatment for mental illness, and had been hospitalized at least twice within the preceding 36 months. The petition was supported, inter alia, by an affirmation of Daniel Garza, a psychiatrist who had evaluated Gail R. on January 16, 2009, as well as a prepared treatment plan worksheet pursuant to Mental Hygiene Law § 9.60 and a medication worksheet, outlining his treatment and prescribed medications. Based upon his clinical observations and determination, he maintained that Gail R. met all of the criteria for AOT.

On January 20, 2009, the Supreme Court conducted a hearing on the petition. At the hearing, Dr. Garza appeared as the petitioner's only witness. Prior to any questioning, the court asked Dr. Garza if there was anything in his affirmation that needed to be modified. In response, Dr. Garza only noted that a change had been made in Gail R.'s medications. Without asking any questions of Dr. Garza on direct examination, the petitioner's counsel rested "on the record." Immediately thereafter, Gail R.'s counsel moved for summary judgment, contending that the petitioner had not established by clear and convincing evidence that Gail R. met the criteria for AOT, as Dr. Garza had provided almost no testimony. The court denied the motion on the basis that the petition and Dr. Garza's affirmation were in evidence. Gail R.'s counsel declined to put on any witnesses, and the Supreme Court granted the petition and Ordered Gail R. to receive and accept AOT for a period of six months from the date of the order and judgment.

Generally, an appeal "will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]). However, an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable (*see Matter of M.B.*, 6 NY3d 437, 447 [2006]; *Matter of Chenier v Richard W.*, 82 NY2d 830, 832 [1993]).

In the instant matter, the order and judgment dated January 22, 2009, expired by its own terms on July 22, 2009. Although the appeal from the order and judgment generally would be moot, the issues raised on appeal fit within the mootness exception. Due to the truncated nature of the hearing, there are issues as to whether Gail R.'s due process rights were sufficiently

protected, whether the Supreme Court exceeded its authority by issuing the AOT order without the type of testimony described in the statute, and whether the petition and supporting physician's affirmation, in the absence of substantive testimony from that physician, constitute clear and convincing evidence to authorize AOT. These issues have a likelihood of repetition, either between Gail R. and the petitioner due to her chronic mental illness, or other patients who may be the subject of AOT proceedings. In addition, these issues would typically evade appellate review, as AOT orders have a maximum duration of six months unless extended by a subsequent court order (*see* Mental Hygiene Law § 9.60 [j] [2]; [k]). Moreover, the issues raised on appeal have not been the subject of prior appellate review and are substantial and novel (*see Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505-506 [1998]; *Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Matter of William C.*, 64 AD3d 277 [2009]; *Matter of Manhattan Psychiatric Ctr.*, 285 AD2d 189, 191 [2001]). Consequently, Gail R.'s appeal will not be dismissed as moot.

Here, the Supreme Court relied exclusively upon the petition and Dr. Garza's supporting affirmation as the evidentiary basis for the authorization of AOT. The petitioner conducted no direct examination of Dr. Garza at the hearing. Consequently, there was no testimony by Dr. Garza regarding the facts and clinical determinations supporting the allegation in the petition that Gail met each of the criteria for AOT (*see* Mental Hygiene Law § 9.60 [h] [2]). There also was no testimony explaining the types or classes of medication recommended, the written proposed treatment plan, or whether the plan was the least restrictive and appropriate for Gail R. (*see* Mental Hygiene Law § 9.60 [h] [4]; [i] [3]). Since the petitioner did not elicit the statutorily required testimony from Dr. Garza, Gail R. was effectively deprived of her right to a hearing, as provided for under the statute, at which Dr. Garza's reasoning underlying his recommendation for AOT could be explored and his credibility assessed by the court.

Due to the petitioner's failure to elicit the required testimony from Dr. Garza, it further failed to establish by clear and convincing evidence that AOT was warranted (*see* Mental Hygiene Law § 9.60 [j] [2]; *Matter of James D.*, 185 Misc 2d 836, 839 [2000]). Clear and convincing evidence is evidence that satisfies the factfinder that it is highly probable that what is claimed actually happened (*see Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43, 45 [1987]). Clear and convincing evidence is "a higher, more demanding standard" than the

preponderance standard (*Rossi v Hartford Fire Ins*. Co., 103 AD2d 771 [1984]), and it is evidence "that is neither equivocal nor open to opposing presumptions" (*Solomon v State of New York*, 146 AD2d 439, 440 [1989]; *see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 220 [1978]). Contrary to the petitioner's contentions, the Supreme Court improperly relied upon the petition and Dr. Garza's affirmation as the evidentiary basis for authorizing AOT. The petition and Dr. Garza's affirmation are the functional equivalent of a complaint in a civil action (*see* CPLR 402). Although the pleadings are before the court without being formally offered into evidence, they are not considered evidence. Rather, the pleadings point out the object to which evidence is to be directed (*see Rice v Ninacs*, 34 AD2d 388, 392 [1970], citing *Tisdale v Delaware & Hudson Canal Co.*, 116 NY 416, 419 [1889]). Consequently, the petition and affirmation cannot serve as evidence to authorize AOT. Therefore, in the absence of clear and convincing evidence, the court should not have issued the AOT order and should have dismissed the proceeding (*see* Mental Hygiene Law § 9.60 [j] [1]).

Accordingly, we reverse the order and judgment, deny the petition, and dismiss the proceeding. Santucci, J.P., Balkin, Chambers and Hall, JJ., concur.