■ In the Matter of WILLIAM S. HELENE DESANTO, as Director of Sunmount Developmental Disabilities Services Office, Respondent; WILLIAM S., Appellant. [903 NYS2d 787]—

Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Demarest, J.), entered April 6, 2009 in Franklin County, which, upon rehearing, adhered to a prior order granting petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 15, for the involuntary retention of respondent.

Respondent pleaded guilty to sexual misconduct and, following a violation of the terms of his probation, was transferred to Sunmount Developmental Disabilities Services Office where he has remained a voluntary resident since 1999. When respondent expressed his desire to leave Sunmount in June 2008, petitioner applied for and, following a hearing before Supreme Court, was granted an order authorizing the involuntary retention of respondent for a period not to exceed 60 days. Thereafter, respondent requested a rehearing pursuant to Mental Hygiene Law § 15.35, which resulted in a jury finding that respondent was mentally retarded and in need of inpatient care and treatment. Supreme Court confirmed the original involuntary confinement order and this appeal ensued.

Initially, we note that the original order authorizing respondent's involuntary retention expired by its terms on September

20, 2008 thereby rendering this appeal moot (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]). However, under the circumstances herein, because the limited issue of whether respondent evinced subaverage intellectual functioning occurring during the developmental period—a necessary component of a jury's finding of mental retardation[1]—is a significant issue which is likely to recur and evade review,[2] the exception to the mootness doctrine applies (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715 [1980]; *cf. Matter of David C.,* 69 NY2d 796, 798 [1987]).

Addressing that issue, we are unpersuaded by respondent's contention that petitioner did not meet its burden in that regard. In support thereof, petitioner presented the unrefuted testimony of Madelon Flickstein, a psychologist at Sunmount. She testified that the relevant developmental period with regard to mental retardation is prior to attaining age 22—which in this case would be before September 1998. Flickstein interviewed respondent personally and reviewed his records from as early as age five, which included, among other things, respondent's multiple IQ tests and reports from other psychologists. She testified that respondent consistently scored within the mildly mentally retarded range on IQ tests during, among other times, the developmental period. Although evidence in the record, including the results of some of the IQ tests that fell within borderline intellectual functioning range for mental retardation, could support a contrary conclusion, the jury's assessment of the evidence presented is entitled to deference if supported by sufficient evidence (*see Matter of Daniel XX.,* 53 AD3d 819, 820 [2008]). Upon our review of the record herein, we find no reason to disturb that part of the jury's finding that respondent evinced subaverage intellectual functioning within the developmental period.

Inasmuch as the remainder of respondent's challenges do not fall within the exception to the mootness doctrine, they will not be reviewed (*see Matter of David C.,* 69 NY2d at 798; *Matter of Stephen G.,* 19 AD3d 821, 822 [2005]).

Mercure, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

1. Mental Hygiene Law § 1.03 (21) defines mental retardation as "subaverage intellectual functioning which originates during the developmental period and is associated with impairment in adaptive behavior."

2. The hearing with regard to the pending application for continued placement apparently has been adjourned to a date yet to be determined.