■ In the Matter of MARY ANN WALSH-TOZER, Respondent, v LUIS G., Appellant. [989 NYS2d 41]—

In a proceeding pursuant to Mental Hygiene Law §§ 9.35 and 9.60 (m) for the involuntary assisted outpatient treatment of Luis G., in which Luis G. petitioned for a rehearing and review of an assisted outpatient treatment order and judgment (one paper) of the Supreme Court, Rockland County (Alfieri, J.), dated January 7, 2013, finding that Luis G. was in need of involuntary assisted outpatient treatment and directing him to comply with a program of involuntary assisted outpatient treatment for a period of one year retroactive to and commencing on December 29, 2012, Luis G. appeals, as limited by his brief, from so much of an amended order and judgment (one paper) of the same court (Walsh II, J.), dated March 22, 2013, as, after a rehearing and review, in effect, directed that the order and judgment dated January 7, 2013, remain in full force and effect.

Ordered that the amended order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, after rehearing and review, the order and judgment dated January 7, 2013, is vacated, the petition for the involuntary assisted outpatient treatment of Luis G. is denied, and the proceeding is dismissed.

Generally, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Yuri M. [Karpati]*, 107 AD3d 999, 1000 [2013]). "However, an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (*Matter of Gail R. [Barron]*, 67 AD3d 808, 810 [2009]).

Luis G. appeals from so much of an amended order and judgment dated March 22, 2013, as, upon rehearing and review, directed that a prior order and judgment compelling him to participate in involuntary assisted outpatient treatment until December 29, 2013, was to remain in force and effect. The amended order and judgment already has expired by its own terms. Although the appeal from the amended order and judgment generally would be moot, the issues raised on appeal fall within the exception to the mootness doctrine. There is an issue as to whether the Supreme Court properly determined that the

petitioner demonstrated that Luis G. met all the criteria for involuntary assisted outpatient treatment (hereinafter AOT), as set forth in Mental Hygiene Law § 9.60. This issue has a likelihood of recurrence, either between the petitioner and Luis G. due to his chronic mental illness, or between the petitioner and other patients who may be the subject of involuntary AOT proceedings. In addition, this issue would typically evade appellate review, as involuntary AOT orders have a maximum duration of six months unless extended by a subsequent court order (*see* Mental Hygiene Law § 9.60 [j] [2]; [k]). Further, the issue raised on appeal has not been the subject of prior appellate review and is substantial and novel (*see Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505-506 [1998]; *Matter of Gail R. [Barron]*, 67 AD3d at 811).

The petitioner failed to demonstrate by clear and convincing evidence that Luis G. met the criteria of Mental Hygiene Law § 9.60 (c) (4), as no evidence indicated that he was hospitalized twice during the 36 months prior to the filing of the petition for involuntary AOT, as required by statute (*see* Mental Hygiene Law § 9.60 [c] [4] [i]; [j] [2]). Moreover, the petitioner failed to establish by clear and convincing evidence that, during the 48 months prior to the filing of the petition for involuntary AOT, Luis G. engaged in any act of serious violent behavior toward himself or others, or threatened or attempted to cause serious physical harm to himself or others (*see* Mental Hygiene Law § 9.60 [c] [4] [ii]; [j] [2]; *Matter of William C.*, 64 AD3d 277, 284 [2009]). Instead, at most, the petitioner demonstrated that, as of May 2012, Luis G. was noncompliant with his treatment for mental illness, resulting in an incident in which, while agitated, he may have pushed his wife. However, there was conflicting and sharply disputed evidence as to whether Luis G. actually pushed his wife, and, even if he did, the petitioner failed to demonstrate that Luis G.'s conduct rose to the level of serious violent behavior (*see* Mental Hygiene Law § 9.01).

Due to the petitioner's failure to demonstrate that Luis G. met all of the criteria for involuntary AOT, as set forth in Mental Hygiene Law § 9.60 (c), it failed to establish by clear and convincing evidence that involuntary AOT was warranted (*see* Mental Hygiene Law § 9.60 [j] [2]; *Matter of Gail R. [Barron]*, 67 AD3d at 811-812).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.