■ In the Matter of RAYMOND G., Appellant. MARY ANN WALSH-TOZER, Respondent. [990 NYS2d 62]—

In a proceeding pursuant to Mental Hygiene Law § 9.60 to authorize assisted outpatient treatment, Raymond G. appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Alfieri, Jr., J.), entered January 15, 2014, as, after a hearing, directed that his vehicle be impounded.

Ordered that the order and judgment is reversed insofar as appealed from, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Mental Hygiene Law § 9.60 seeking an order directing Raymond G. to comply with Assisted Outpatient Treatment (hereinafter AOT). The petition alleged that Raymond G. was a person over 18 years of age suffering from mental illness, was unlikely to survive safely in the community without supervision, had a history of lack of compliance with treatment for mental illness, and had been hospitalized at least twice within the preceding 36 months. The petition was supported by an affirmation of Dr. Evelyn Wasserman, a psychiatrist who had evaluated Raymond G. and determined that he met the statutory criteria for AOT, as well as a prepared treatment plan worksheet pursuant to Mental Hygiene Law § 9.60, a medication worksheet, and an alcohol/substance abuse treatment worksheet, outlining the treatment and medications Dr. Wasserman recommended.

At the hearing on the petition, Dr. Wasserman, the petitioner's only witness, testified as to her evaluation and diagnosis of Raymond G., his extensive history of treatment noncompliance and resulting hospitalizations, and his need for an AOT order. She described the AOT plan she recommended, and opined that it was the least restrictive feasible and appropriate alternative for Raymond G. In her testimony, Dr. Wasserman mentioned that Raymond G. owned or possessed a vehicle to which he had unrestricted access; however, she did not opine as to whether he

should be prevented from driving. Thereafter, in an order and judgment dated January 13, 2014, the court granted the petition, directed that Raymond G. receive AOT, and further directed that any vehicle he operated or possessed be impounded. Raymond G. appeals from so much of the order and judgment as directed the impoundment of the subject vehicle.

Mental Hygiene Law § 9.60, commonly known as Kendra's Law, "provides a framework for the judicial authorization of involuntary outpatient treatment programs for persons suffering from mental illnesses" (*Matter of William C.*, 64 AD3d 277, 279 [2009]). It sets forth, inter alia, the types of outpatient services that may be ordered by the court as part of an AOT plan, the requirements for the petition, and the procedures for a hearing on the petition (*see* Mental Hygiene Law § 9.60 [a] [1]; [e] [2]-[3]; [h] [1]).

The statute defines AOT as follows: " 'assisted outpatient treatment' shall mean categories of outpatient services which have been ordered by the court pursuant to this section. Such treatment shall include case management services or assertive community treatment team services to provide care coordination, and may also include any of the following categories of services: medication; periodic blood tests or urinalysis to determine compliance with prescribed medications; individual or group therapy; day or partial day programming activities; educational and vocational training or activities; alcohol or substance abuse treatment and counseling and periodic tests for the presence of alcohol or illegal drugs for persons with a history of alcohol or substance abuse; supervision of living arrangements; and any other services within a local services plan developed pursuant to article forty-one of this chapter, prescribed to treat the person's mental illness and to assist the person in living and functioning in the community, or to attempt to prevent a relapse or deterioration that may reasonably be predicted to result in suicide or the need for hospitalization" (Mental Hygiene Law § 9.60 [a] [1]).

The statute requires that the petition be accompanied by an affirmation or affidavit of an examining physician who recommends AOT (*see* Mental Hygiene Law § 9.60 [e] [3] [i]), and directs that the court "shall not order [AOT]" unless it is provided with a proposed written treatment plan developed by a physician appointed by the applicable community services or hospital director, which includes "all categories of services, as set forth in [§ 9.60 (a) (1)], which such physician recommends that the [patient] receive," "no later than the date of the hearing on the petition" (Mental Hygiene Law § 9.60 [i] [1]). Fur-

ther, the statute provides that the court "shall not order [AOT] unless [the] physician appearing on behalf of [the] director testifies to explain the written proposed treatment plan [and] state[s] the categories of [AOT] recommended, the rationale for each such category, [and] facts which establish that such treatment is the least restrictive alternative" (Mental Hygiene Law § 9.60 [i] [3]).

Following the hearing, the court "may" order AOT if it finds by "clear and convincing evidence that the [patient] meets the criteria for [AOT], and there is no appropriate and feasible less restrictive alternative" (Mental Hygiene Law § 9.60 [j] [2]). The order must include specific findings "by clear and convincing evidence that the proposed treatment is the least restrictive treatment appropriate and feasible for the [patient]," and "state an [AOT] plan, which shall include all categories of [AOT], as set forth in [§ 9.60 (a) (1)], which the [patient] is to receive" (Mental Hygiene Law § 9.60 [j] [2]). The order "shall not include any such category that has not been recommended in both the proposed written treatment plan and the [physician's hearing] testimony" (Mental Hygiene Law § 9.60 [j] [2]).

In light of this statutory framework, the Supreme Court's inclusion of the impoundment provision in the AOT order here was improper. Impounding a patient's vehicle is not among the specifically enumerated types of services Mental Hygiene Law § 9.60 (a) (1) authorizes, nor does it fit within the final category listed in that paragraph of "any other services within a local services plan developed pursuant to [Mental Hygiene Law article 41], prescribed to treat the person's mental illness and to assist the person in living and functioning in the community, or to attempt to prevent a relapse or deterioration," inasmuch as it was not "prescribed" by Dr. Wasserman, and does not fall within the scope of article 41 (see Mental Hygiene Law §§ 41.01, 41.03 [15]; cf. Matter of William C., 64 AD3d at 287). Moreover, the impoundment of Raymond G.'s vehicle was not included in the written treatment plan Dr. Wasserman recommended, nor was it recommended, explained, and deemed the least restrictive feasible and appropriate alternative by her when she testified at the hearing. As such, the court lacked the authority to issue such a directive as part of the AOT plan (see Mental Hygiene Law § 9.60 [i] [1], [3]; [j] [2]; Matter of Gail R. [Barron], 67 AD3d 808, 811-812 [2009]).

Accordingly, that portion of the AOT order which directed that Raymond's vehicle be impounded must be reversed. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.