In the Matter of IN DEFENSE OF ANIMALS et al., Appellants, et al., Petitioner, v VASSAR COLLEGE et al., Respondents. [994 NYS2d 412]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated December 14, 2012, which issued a nuisance deer permit to Vassar College authorizing the taking of up to 62 deer, the petitioners In Defense of Animals and Marcy Schwartz appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Brands, J.), dated December 21, 2012, which denied the petitioners' motion for a preliminary injunction, denied the amended petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The petitioners commenced this proceeding as a plenary action to enjoin Vassar College (hereinafter Vassar) from conducting a planned deer cull on the Vassar Farm and Ecological Preserve. The complaint alleged, inter alia, that Vassar was

required to obtain a permit from the New York State Department of Environmental Conservation (hereinafter the DEC) to conduct the deer cull, and that its deer culling program was an action subject to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), requiring the preparation of an environmental impact statement (hereinafter EIS). The complaint sought, inter alia, to enjoin Vassar from proceeding with the deer cull and to enjoin the DEC from issuing any permit until the requirements of SEQRA were satisfied. The petitioners simultaneously filed an order to show cause seeking a preliminary injunction and a temporary restraining order, inter alia, restraining the DEC from issuing any permits in connection with the deer cull. The Supreme Court denied the request for a temporary restraining order.

In its answer to the amended complaint, the DEC asserted that it had already issued a nuisance permit to Vassar to conduct the deer cull. The DEC submitted its administrative record, which included a 1980 final programmatic EIS (now called a generic EIS) on its wildlife game species management program with the related findings statement, a 1994 supplemental findings statement concerning the program, and a 1994 declaratory ruling issued by the DEC's general counsel addressing the DEC's authority to issue nuisance deer permits consistent with the 1980 final generic EIS without further SEQRA review. Upon the parties' consent, the Supreme Court converted the action into a proceeding pursuant to CPLR article 78 to review the DEC's issuance of the permit.

After further submission of papers and oral argument, the Supreme Court denied the petitioners' motion for a preliminary injunction, denied the amended petition, and dismissed the proceeding, determining that the DEC had met its obligations pursuant to SEQRA. Two of the petitioners appeal.

During the pendency of the appeal, Vassar conducted the deer cull, and the permit issued by the DEC expired by its own terms.

Initially, we decline to dismiss the appeal as academic. Generally, an appeal "will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]). However, an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable (*see City of New York v Maul*, 14 NY3d 499, 507 [2010];

*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Matter of Walsh-Tozer v Luis G.*, 118 AD3d 897 [2014]).

Here, although the subject deer cull has been completed and the challenged permit has expired, the appellants raise a substantial and novel issue as to whether the DEC is fulfilling its statutory responsibilities under SEQRA related to the issuance of nuisance deer permits. The issue is likely to recur and to evade appellate review, given the extremely short period of time during which such permits are valid (*see City of New York v Maul*, 14 NY3d at 507; *Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation*, 158 AD2d 24, 28-29 [1990], *affd* 77 NY2d 983 [1991]).

Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and "whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986], quoting *Aldrich v Pattison*, 107 AD2d 258, 265 [1985]; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]). "In a statutory scheme whose purpose is that the agency decision-makers focus attention on environmental concerns, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416). The agency decision should be annulled only if it is arbitrary and capricious, or unsupported by the evidence (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416). Further, an agency's interpretation of its own regulation is entitled to deference unless it is unreasonable or irrational (*see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499 [2005]; *Seenaraine v Securitas Sec. Servs. USA, Inc.*, 37 AD3d 700 [2007]).

Here, the Supreme Court properly determined that the DEC's issuance of a nuisance deer permit to Vassar pursuant to Environmental Conservation Law § 11-0521 complied with the requirements of SEQRA and its implementing regulations. The DEC's use of a generic EIS, updated with a supplemental findings statement, to assess the impacts of the issuance of nuisance deer permits as a part of its wildlife game species management program was proper (*see* 6 NYCRR 617.10 [a] [3]; former 6

NYCRR 617.15 [a] [1]). When a final generic EIS has been filed, "[n]o further SEQR compliance is required if a subsequent proposed action will be carried out in conformance with the conditions and thresholds established for such actions in the generic EIS or its findings statement" (6 NYCRR 617.10 [d] [1]). The DEC's determination that the permit requested by Vassar was consistent with the 1980 final generic EIS, and that none of the criteria for a site-specific supplemental EIS listed in the 1994 supplemental findings statement existed, was not arbitrary and capricious (*see* 6 NYCRR 617.10 [c], [d] [4]; *Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 319 [2006]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 425). Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding.

In light of our determination, we need not reach the appellants' remaining contentions. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.