■ In the Matter of GARY F., Respondent. BRONX PSYCHIATRIC CENTER, Appellant. [39 NYS3d 414]—

Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about May 23, 2016, which, after a hearing pursuant to Mental Hygiene Law § 9.33, denied the application of petitioner Bronx Psychiatric Center for the continued involuntary retention of respondent for a period not to exceed six months, and ordered him to be released, unanimously affirmed, without costs.

The court properly denied petitioner's application for continued involuntary retention of respondent pursuant to Mental Hygiene Law § 9.33, based on the court's finding that

petitioner failed to "establish, 'by clear and convincing evidence, that the patient is . . . in need of continued, supervised care and treatment'" for his undisputed mental illness, and that he "'poses a substantial threat of physical harm to himself and/or others'" (*Matter of Anonymous v Carmichael,* 284 AD2d 182, 184 [1st Dept 2001]). Although respondent's treating psychiatrist stated in conclusory fashion that the requirements for continued involuntary retention were met, the court reasonably rejected these conclusions on the ground that they were not strongly supported by the evidence (*see Matter of Charles T. v Sanchez,* 215 AD2d 235 [1st Dept 1995]). The psychiatrist indicated that respondent recognized his mental illness, that he had been compliant with his medication regimen, and that his treatment in the facility for more than two years had alleviated the manic symptoms he had initially presented upon admission. The psychiatrist acknowledged that respondent's medications and therapy programs would remain readily available to him on an outpatient basis, and the psychiatrist provided no reason to doubt respondent's claim that he would continue taking his medication once released (*compare id. with Matter of Anonymous,* 284 AD2d at 184).

Respondent has a history of sexual preoccupation, sexual misconduct, and sexual impulsivity. However, the court gave little weight to the allegations of recent misconduct in the absence of any eyewitness testimony and in light of respondent's denials, and there is no basis for disturbing the court's weighing of the evidence. The remaining hearsay statements that respondent had acted inappropriately were unaccompanied by any detail, including when the incidents allegedly occurred. Significantly, the psychiatrist, the only witness called to testify at the hearing, did not indicate that he had ever personally observed respondent engaging in any misconduct. In the absence of any corroboration of such incidents or any information about their chronology, the court properly concluded that petitioner had failed to establish that respondent remained in need of involuntary confinement in a psychiatric facility as of the time of the hearing.

It does not avail petitioner to argue that respondent needed to be retained in order to begin taking a new medication. The psychiatrist's testimony indicated that this medication was recommended about 10 months before the hearing but still had not been implemented, suggesting that it was not "essential to [respondent]'s welfare" (Mental Hygiene Law § 9.01). Petitioner's argument that this waiting period was necessary to administer medical tests to determine respondent's physical

suitability for the medication is improperly raised for the first time in its reply brief, and in any event is unsupported by the record.

We decline petitioner's invitation to take judicial notice of new evidence which was not introduced at the hearing (*see Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144, 150 [2002]).

Contrary to petitioner's argument, the court properly exercised its discretion in precluding petitioner from introducing respondent's "chart," i.e. a binder containing his medical records, such as progress notes and examination reports, in its entirety at the outset of the hearing, since petitioner had not provided a copy of the chart to respondent's counsel. The court did not prevent petitioner from making use of any particular relevant medical records. Rather the court clearly stated that any materials the psychiatrist wished to use could be identified and admitted. Since there is no indication that petitioner's counsel or the psychiatrist ever sought to do so during the hearing, it cannot be said that the ruling prevented petitioner from being able to establish respondent's sexual misbehavior by clear and convincing evidence.

In light of the foregoing, there is no occasion to reach the parties' unpreserved arguments about whether petitioner had a statutory obligation to disclose the chart to respondent's counsel and the court in advance of the hearing pursuant to Mental Hygiene Law § 9.31 (b).

Respondent's academic contention that the business records exception to the hearsay rule was inapplicable to the chart is concededly unpreserved, and we decline to review it in the interest of justice. Were we to review it, we would find it unpersuasive. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.