Matter of Sagres 9, LLC v State of New York (2018 NY Slip Op 05933)





Matter of Sagres 9, LLC v State of New York


2018 NY Slip Op 05933


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-01831

[*1]In the Matter of Sagres 9, LLC, appellant, 
v
State of New York, respondent. (Claim No. 178)


Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Jonathan Houghton and Daniel M. Lehmann of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a special proceeding for the distribution of money pursuant to EDPL 304(E)(1) and Court of Claims Act § 23, the petitioner appeals from an order of the Court of Claims (Alan C. Marin, J.), dated July 27, 2015. The order, insofar as appealed from, failed to award the petitioner interest at the statutory rate of 9% per annum on the amount of an offer of just compensation and on the principal sum deposited in a special interest bearing account.
ORDERED that the order is modified, on the law, by deleting the provision thereof awarding the petitioner interest that accrued on the amount of the offer of just compensation from March 12, 2014, through April 22, 2014, and that accrued under the terms of a special interest bearing account from April 23, 2014, through November 4, 2014, and substituting therefor a provision awarding the petitioner interest at the statutory rate of 9% per annum on the offer of just compensation from March 12, 2014, through November 4, 2014; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Court of Claims for a calculation of the interest in accordance herewith, and for the entry of an appropriate amended order thereafter.
On March 12, 2014, the State of New York acquired, by eminent domain, title to certain temporary easements on the petitioner's property in connection with the construction of a bridge. Prior to the taking, in a letter dated March 4, 2014, the condemnor, the New York State Department of Transportation (hereinafter the DOT), offered the petitioner the sum of $305,000 as just compensation for the taking. The DOT also provided the petitioner with a written "Superseding Agreement for Advance Payment," which set forth the sum of the offer as well as other terms and conditions. By letter dated March 5, 2014, the petitioner accepted the DOT's offer of just compensation only as an advance payment. On April 23, 2014, the New York State Comptroller deposited the amount of the offer of just compensation, plus interest to the date of deposit, into a special interest bearing account.
Upon receiving notice of the deposit of the offer in a special interest bearing account, the petitioner commenced this special proceeding against the State pursuant to EDPL 304 and Court of Claims Act § 23, seeking an order of distribution regarding the funds that were deposited and [*2]interest at the statutory rate of 9% per annum on the funds deposited. The Court of Claims directed the distribution of the sum deposited in the special interest bearing account to the petitioner, including any interest that had accrued under the terms of that account, but declined to award the petitioner interest at the statutory rate of 9% per annum on the principal sum deposited.
On appeal, the petitioner contends that the deposit made on April 23, 2014, was improper and, thus, the DOT's obligation to pay statutory interest on the sum deposited did not terminate on that date. EDPL 304 provides, in relevant part, that if "an acquisition is being made for a federally-aided project and the condemnor determines it necessary to deposit [in a special interest bearing account] the amount of the highest appraised value without delay in order to proceed with the letting of a construction contract and to comply with federal laws, rules and regulations, the condemnor may request the comptroller to make the deposit" (EDPL 304[E][2]). A deposit made pursuant to EDPL 304(E)(2) "shall terminate the condemnor's obligation to pay interest on the amount so deposited provided that interest is paid upon such deposit" (id.).
Here, the State failed to establish that the DOT properly directed the New York State Comptroller to deposit the sum of the offer of just compensation in a special interest bearing account on April 23, 2014. While the record demonstrates that the acquisition was being made for a federally aided project, the State's evidence was insufficient to demonstrate that the DOT determined that it was "necessary" to deposit the amount of the offer "without delay in order to proceed with the letting of a construction contract" (EDPL 304[E][2]). We decline the State's request to take judicial notice of certain publicly available documents that the State referred to for the first time on appeal (see generally Matter of Gary F. [Bronx Psychiatric Ctr.], 143 AD3d 495, 497; Matter of Warren v Miller, 132 AD3d 1352, 1354). Accordingly, the DOT's obligation to pay statutory interest did not terminate on April 23, 2014.
However, EDPL 304(C) provides, in relevant part, that "[i]n the event a condemnee . . . unreasonably fails to provide the condemnor with all papers reasonably necessary to effect a valid transfer of title as acquired, within ninety days of receipt, the condemnor's obligation to pay interest on the amount of the offer shall be suspended until such time as the condemnee accepts the offer as payment in full, or as an advance payment." Even though the petitioner did not execute the written Superseding Agreement for Advance Payment, the accrual of interest on the sum deposited in the special interest bearing account was suspended pursuant to EDPL 304(C) beginning on November 5, 2014. The State notified the petitioner on that date of the documents that the State needed in order to release the advance payment to the petitioner. The State presented evidence demonstrating that the petitioner failed to provide the State with some of the requested documents. In response, the petitioner failed to demonstrate that it had provided the State with all of the requested documents, that the requested documents were not reasonably necessary to effect a valid transfer of title to the State, or that it had been unable to obtain the requested documents.
Accordingly, we remit the matter to the Court of Claims to calculate the amount of interest at the statutory rate of 9% per annum that accrued on the offer of just compensation from March 12, 2014, through November 4, 2014 (see State Finance Law § 16).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court