Islip Theaters, LLC v Landmark Plaza Props. Corp. (2020 NY Slip Op 03004)





Islip Theaters, LLC v Landmark Plaza Props. Corp.


2020 NY Slip Op 03004


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-04099
2018-04217
 (Index No. 606246/17)

[*1]Islip Theaters, LLC, respondent,
v
Landmark Plaza Properties Corp., appellant.


Glenn T. Nugent, P.C., Amityville, NY, for appellant.
William R. Garbarino, Sayville, NY (Donald R. Hamill of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 28, 2018, and (2) an order of the same court dated March 1, 2018. The order dated February 28, 2018, insofar as appealed from, denied the defendant's motion for permission to commission Schmitt Engineering, PLLC, to conduct further inspection of the open web steel frame of the roof of certain leased premises. The order dated March 1, 2018, permanently enjoined the defendant from terminating the lease or otherwise interfering with the plaintiff's possession of the leased premises based on certain 10-day notices to cure.
ORDERED that on the Court's own motion, the notice of appeal from the order dated March 1, 2018, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated February 28, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 1, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is not contractually obligated to cure the defaults alleged in 10-day notices to cure dated March 29, 2017, May 18, 2017, May 23, 2017, and June 9, 2017.
The underlying facts of this case are set forth in our decisions and orders on related appeals from orders dated June 20, 2017, and September 20, 2017 (see Islip Theaters, LLC v Landmark Plaza Props. Corp., ___ AD3d ___ [Appellate Division Docket No. 2017-06595; decided herewith]; Islip Theaters, LLC v Landmark Plaza Props. Corp., ____AD3d____ [Appellate Division Docket No. 2017-12397; decided herewith]). Following the issuance of the June 20, 2017, and September 20, 2017, orders, the parties submitted papers regarding the remaining allegations of the [*2]defendant (hereinafter the landlord) of lease violations by the plaintiff. In February 2018, the landlord moved for permission to commission Schmitt Engineering, PLLC, to conduct further inspection of the roof's open web steel frame.
In an order dated February 28, 2018, the Supreme Court, among other things, denied the landlord's motion. In an order dated March 1, 2018, the court permanently enjoined the landlord from terminating the lease or otherwise interfering with the plaintiff's possession of the leased premises based on certain 10-day notices to cure. The landlord appeals.
Contrary to the landlord's contention, the Supreme Court providently exercised its discretion in denying the landlord's motion for permission to commission Schmitt Engineering, PLLC, to conduct further inspection of the roof's open web steel frame. We agree with the court that, given the history of this case, the invasive examination sought by the landlord, and the expert submissions of the parties, the landlord failed to establish the necessity for, and the reasonableness of, the proposed inspection, and that the landlord's application was a continuation of its bad faith efforts to constructively oust the plaintiff.
In its March 1, 2018, order, the Supreme Court permanently enjoined the landlord from terminating the lease or otherwise interfering with the plaintiff's possession of the leased premises based on 10-day notices to cure dated March 29, 2017, May 18, 2017, May 23, 2017, and June 9, 2017. Contrary to the landlord's contention, the court properly determined the ultimate merits of the action (see generally East Best Food Corp. v NY 46th LLC, 56 AD3d 302, 303-304). "[U]nless public policy is violated, parties to a litigation are free to chart their own procedural course" (Kass v Kass, 91 NY2d 554, 568 n 5). Here, both parties agreed that the matter should be determined upon their submissions to the court (see id.). Further, we agree with the court's determination that the landlord's remaining allegations of lease violations by the plaintiff, including those related to the lack of fire alarms and a fire suppression system, were barred by the stipulation of settlement entered in a related consolidated action, which discontinued the consolidated action and the landlord's counterclaims with prejudice (see Greenstone/Fontana Corp. v Feldstein, 72 AD3d 890, 893). In any event, the evidence in the record failed to establish that the plaintiff was obligated under the lease to install fire alarms and a fire suppression system in the premises.
To the extent that the landlord challenges the orders appealed from on the ground of judicial bias, the record does not support the landlord's contention (see Matter of Bowe v Bowe, 124 AD3d 645, 646).
The landlord's request that the assigned Justice be recused from this and all other matters involving the landlord is not properly before this Court on these appeals (see Warmhold v Zagarino, 106 AD3d 994, 995), and we decline the landlord's request to take judicial notice of certain documents submitted by the landlord for the first time on appeal (see generally Matter of Gary F. [Bronx Psychiatric Ctr.], 143 AD3d 495, 497; TOA Constr. Co., Inc. v Tsitsires, 54 AD3d 109, 115).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, among other things, declaring that the plaintiff is not contractually obligated to cure the defaults alleged in 10-day notices to cure dated March 29, 2017, May 18, 2017, May 23, 2017, and June 9, 2017 (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court