Matter of G. (2020 NY Slip Op 06525)





Matter of G.


2020 NY Slip Op 06525


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-10086
 (Index No. 301185/19)

[*1]In the Matter of G. (Anonymous), Cynthia, appellant. Kings County Hospital, respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law § 9.31 to compel the release of Cynthia G. from a mental health care facility where she was being involuntarily confined and treated, Cynthia G. appeals from an order of the Supreme Court, Kings County (Steven Z. Mostofsky, J.), dated July 2, 2019. The order denied Cynthia G.'s application to compel her release.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the application to compel Cynthia G.'s release is granted.
Cynthia G. was admitted to the respondent, Kings County Hospital (hereinafter the Hospital), on June 7, 2019. At that time, Cynthia G. allegedly suffered from schizoaffective disorder and presented with severe disturbances of thinking, behavior, and mood. On June 20, 2019, Cynthia G. was involuntarily confined to the Hospital pursuant to Mental Hygiene Law § 9.27. On June 27, 2019, Cynthia G. made an application pursuant to Mental Hygiene Law § 9.31 for a hearing on the question of need for involuntary care and treatment. While the parties appeared in court for the hearing, the Supreme Court did not hold the hearing. Rather, Cynthia G. was escorted out of the courtroom based on her behavior, which included "yelling and screaming," acting "verbally aggressive," and making "threatening movements." Over the objection of Cynthia G.'s counsel, the court determined that it could not proceeded with a hearing due to Cynthia G.'s behavior. The court indicated that it would deny Cynthia G.'s application for release, finding that her courtroom behavior in and of itself constituted clear and convincing evidence that she suffered from a mental illness which was likely to result in serious harm to herself or others.
By order dated July 2, 2019, the Supreme Court denied Cynthia G.'s application pursuant to Mental Hygiene Law § 9.31 to compel the Hospital to release her from involuntary confinement. Cynthia G. appeals. Cynthia G. was eventually released from the Hospital on August 2, 2019.
Generally, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; see Matter of Yuri M. [Karpati], 107 AD3d 999, 1000). "However, an exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief [*2]existence, would be rendered otherwise nonreviewable" (Matter of Gail R. [Barron], 67 AD3d 808, 810).
Here, Cynthia G. appeals from an order that denied her application for release from involuntary confinement to a mental health care facility without holding a hearing pursuant to Mental Hygiene Law § 9.31. Since Cynthia G. was discharged from the Hospital on August 2, 2019, the appeal from the order is academic (see Matter of Walsh-Tozer v Luis G., 118 AD3d 897, 897; Matter of William S., 74 AD3d 1684, 1685; Matter of Gail R. [Barron], 67 AD3d 808, 810; Matter of William C., 64 AD3d 277, 282). However, the issue raised on this appeal has a likelihood of repetition, will typically evade appellate review, and is substantial and novel (see Matter of Walsh-Tozer v Luis G., 118 AD3d at 897; Matter of William S., 74 AD3d at 1685; Matter of Gail R. [Barron], 67 AD3d at 810; Matter of William C., 64 AD3d at 282). Thus, the exception to the mootness doctrine applies.
"In order to retain a patient in a hospital for involuntary psychiatric care, the hospital must establish, by clear and convincing evidence, that the patient is mentally ill and in need of further care and treatment, and that the patient poses a substantial threat of physical harm to herself or to others" (Matter of Jeannette S., 157 AD2d 783, 783; see Matter of Gary F. [Bronx Psychiatric Ctr.], 143 AD3d 495, 495-496; Matter of Anonymous v Kings County Hosp. Ctr., 115 AD2d 513, 514).
Here, the Supreme Court erred in failing to hold a hearing pursuant to Mental Hygiene Law § 9.31(c), and in determining, in effect, that Cynthia G. was mentally ill, in need of further care or treatment, and posed a substantial threat of physical harm to herself or others, without taking any testimony or evidence by either Cynthia G. or the Hospital (cf. Matter of Jeannette S., 157 AD2d at 784; Matter of Anonymous v Kings County Hosp. Center, 115 AD2d at 514).
Accordingly, the order appealed from must be reversed, and Cynthia G.'s application granted.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court