Matter of Preller v Collesano
2026 NY Slip Op 03809
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of David Preller, etc., respondent,
v
Darby Collesano, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2022-07308, (Index No. 613643/22)
Betsy Barros, J.P.
Cheryl E. Chambers
Lillian Wan
Susan Quirk, JJ.

Picarello & Saciolo, P.C., Islandia, NY (Brian A. Picarello of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Nancy Lynn Thiele of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding for an extreme risk protection order pursuant to CPLR article 63-A, Darby Collesano appeals from an order of the Supreme Court, Suffolk County (Richard Horowitz, J.), dated August 25, 2022. The order, after a hearing, granted the petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
On or about July 18, 2022, the petitioner, Police Officer David Preller, commenced this proceeding for an extreme risk protection order against Darby Collesano (hereinafter the appellant) based upon allegations that, on July 17, 2022, at 7:00 p.m., while intoxicated, she lunged at her husband, William Frage, bit him in the arm, picked up a kitchen knife, and from a distance of four feet away from him, stated "I could kill you right now." At the time of the alleged altercation, there was a divorce action pending against the appellant, which was brought by Frage in May 2022.
The appellant was arrested and charged with menacing in the second degree and two counts of endangering the welfare of a child, in that she acted in a manner injurious to a child less than 17 years old. Frage commenced a family offense proceeding against the appellant and secured temporary orders of protection directing the appellant, inter alia, to refrain from acts of domestic violence that create an unreasonable risk to the health, safety, and welfare of Frage and their two children.
In August 2022, a hearing was held in the instant proceeding. The petitioner called as his sole witness Police Officer Erme Amaya. Officer Amaya testified that on July 17, 2022, at 7:48 p.m., he was dispatched to Long Island Community Hospital to interview Frage. Frage told Officer Amaya that he was with the appellant in the backyard of their house when the appellant bit him in the arm. Then the appellant pointed a knife at Frage in the presence of their two daughters and said "I would kill you right now if I could."
Officer Amaya went to the house, where he spoke to the appellant, who denied "that [ ]ever happened." The appellant appeared to be intoxicated.
The appellant moved to dismiss the petition on the ground that there was "no testimony . . . presented to this Court by any witness with actual knowledge of these events." The petitioner's attorney argued that "this is an expedited proceeding where the rules of evidence cannot always be absolutely adhered to."
The parties did not submit the testimony of any other witness or any other evidence. The Supreme Court found "that the petitioner herein has proven by clear and convincing evidence through the testimony of Police Officer Erme Amaya that Darby Collesano . . . is likely to engage in conduct that would result in serious harm to herself or others, and an Extreme Risk Protection Order is granted for a period of one year." This appeal ensued.
Although the extreme risk protection order has expired, the appeal is not academic, because the order has enduring consequences (see Matter of Orangetown Police Dept. v Cashell, 238 AD3d 1152, 1153).
CPLR 6343(2) "plainly authorizes the court to consider—and therefore, necessarily, to receive as evidence—two forms of hearsay: (1) the petition itself; and (2) the background report that a court may authorize at the time a [temporary extreme risk protection order] is issued" (Haverstraw Town Police [PO Vega No. 238] v C.G., 79 Misc 3d 1005, 1014 [Sup Ct, Ulster County]). This record contains the petition, which repeated Frage's statements to the police. No documents were admitted in evidence at the hearing.
"[T]he court must be able to make findings, under a clear and convincing standard" (Kelly v E.R., 84 Misc3d 555, 561 [Sup Ct, Ulster County]). "Clear and convincing evidence is evidence that satisfies the factfinder that it is highly probable that what is claimed actually happened" (Matter of Gail R. [Barron], 67 AD3d 808, 811). Here, Officer Amaya's testimony provided two hearsay versions of the events: Frage's version and the appellant's version that it never happened. The Supreme Court did not explain how the clear and convincing evidence standard of proof was met. Further, we determine that the petitioner failed to prove his case by clear and convincing evidence. The petitioner's proof was based solely upon hearsay, which did not fall within any exception to the rules excluding hearsay from evidence.
Accordingly, we reverse the order, deny the petition, and dismiss the proceeding.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court